In re FORFEITURE OF PROPERTY NO LONGER NEEDED AS
EVIDENCE and Forfeiture of $7,779 Cash, U.S. Currency.

[Cite as *In re Forfeiture of Property No Longer Needed
as Evidence* (1993), 86 Ohio App.3d 68.]

Court of Appeals of Ohio,
Lucas County.

No. L–91–321.

Decided Jan. 29, 1993.

*Anthony G. Pizza*, Lucas County Prosecuting Attorney, and *James C. Walter*, Assistant Prosecuting Attorney, for appellee.

*John Potts*, for appellant.

*Per Curiam.*

This is an appeal from a judgment of the Lucas County Court of Common Pleas which denied appellant's motion to vacate two judgments of forfeiture as being void *ab initio* for lack of jurisdiction.

Appellant, Dale Churchill Robinson, pleaded guilty to a charge of aggravated burglary and was sentenced, on May 12, 1987, to nine to twenty-five years in prison. Appellee, the state of Ohio, subsequently filed two petitions for forfeiture, one on July 18, 1988, and the other on September 26, 1988. Each petition stated that it was brought under the provisions of R.C. 2933.41(B), (C) and (D), and cited specifically to R.C. 2933.41(D) as providing the lower court with jurisdiction over the proceedings. A hearing was held on the petitions and, on December 2, 1988, the requested forfeiture judgments were entered.

On April 4, 1991, appellant filed his motion to vacate the forfeiture judgments as being "void" for lack of jurisdiction. Appellant asserted that the forfeiture

petitions were brought pursuant to R.C. 2933.43 and that the proceedings held were not in compliance with that statute, *i.e.*, the forfeiture hearing was not held within thirty days after appellant's plea of guilty as required by R.C. 2933.43(C). Appellant contended that the failure to comply deprived the trial court of jurisdiction to enter the forfeiture judgments. Appellee filed a motion to dismiss based upon the fact that the forfeiture petitions were expressly brought pursuant to R.C. 2933.41, which contains no time limitations, and R.C. 2933.43(C) was, therefore, inapplicable. Appellant filed a memorandum in opposition to the motion to dismiss in which he argued that the allegations of the forfeiture petitions brought them within the purview of R.C. 2933.43 or, in the alternative, appellee's noncompliance with certain requirements found in R.C. 2933.41 constituted a jurisdictional defect.

In an opinion and judgment entry, dated August 15, 1991, the trial court rejected appellant's contentions, denied his motion to vacate a void judgment and granted appellee's motion to dismiss. Appellant now appeals and sets forth the following assignments of error:

"I. It constituted error for the trial court to hold that the forfeiture of appellant's property was governed by O.R.C. Section 2933.41 rather than O.R.C. Section 2933.42.

"II. It constituted error for the trial court to hold that there was compliance with the procedural requirements of O.R.C. Section 2933.41.

"III. It constituted error for the trial court to hold that the forfeiture proceedings were commenced in timely fashion."

We find the well-reasoned decision of Judge Frederick H. McDonald to be dispositive of the central issues raised in this case. For this reason, that judgment, dated August 15, 1991 in case No. CR86–6982, is hereby affirmed and adopted as our own. See Appendix A. Accordingly, appellants' first, second and third assignments of error are found not well taken.

On consideration whereof, this court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.

*Judgment affirmed.*

ABOOD, MELVIN L. RESNICK and SHERCK, JJ., concur.

## APPENDIX A

FREDERICK H. MCDONALD, Judge.

This case comes before the court on the motion of defendant, Dale Churchill Robinson, to vacate the above-captioned forfeiture judgments entered December

2, 1988 and to return to him the property forfeited pursuant to those judgments. The state of Ohio filed a motion to dismiss, Robinson responded, and the state filed a reply brief.[1] For the reasons that follow, I find that the motion to vacate is not well taken and should be denied, and that the motion to dismiss should be granted.

I

The following pertinent facts are relevant to ruling on this motion. On April 4, 1987, Robinson entered a plea of guilty to aggravated burglary in this cause. The state of Ohio subsequently filed two petitions for forfeiture in this cause, one on July 18, 1988 and one on September 26, 1988. On November 23, 1988, a hearing was held on the petitions,[2] and forfeiture judgments were entered on December 2, 1988.

Robinson now seeks to have those forfeiture judgments vacated as void and to have the forfeited property returned to him. In support of his motion he has made four arguments. First, he asserts that the hearing on the forfeiture petitions was untimely pursuant to R.C. 2933.43, and that the untimeliness was a jurisdictional defect making the forfeiture judgment void. Second, he claims that if the forfeiture proceedings were not brought pursuant to R.C. 2933.43, they should have been; therefore, he argues, they should be measured against the jurisdictional requirements of that section of the Revised Code and are accordingly void. Third, he maintains that the proceedings were void as brought in violation of the jurisdictional requirements of R.C. 2933.41. Fourth, he argues that the proceedings were void as violative of the constitutional guarantees against double jeopardy.

The state of Ohio has filed a motion to dismiss Robinson's motion, and the matter is now ripe for determination.

II

■ Robinson's motion argues that the judgments of forfeiture entered in this case on December 2, 1988 are void and must, therefore, be vacated. It is a well-established principle that a court has the inherent power to vacate a void judgment. *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph four of the syllabus provides:

---

1. By order and journal entry filed July 3, 1991, Robinson was granted leave to file yet another reply brief by July 8, 1991. No such brief has been filed.

2. Although Robinson was neither present nor represented at the hearing, the record reflects that he had proper notice, and he does not premise his challenge to the propriety of the forfeiture judgment on his absence from the hearing or on any lack of notice.

"The authority to vacate a void judgment is not derived from Civ.R. 60(B) but rather constitutes an inherent power possessed by Ohio courts. (*Lincoln Tavern v. Snader* [1956], 165 Ohio St. 61, 59 O.O. 74, 133 N.E.2d 606, paragraph one of the syllabus, and *Westmoreland v. Valley Homes Corp.* [1975], 42 Ohio St.2d 291, 294, 71 O.O.2d 262, 264, 328 N.E.2d 406, 409, approved and followed.)"

The necessary question, then, is whether the judgments of forfeiture in this case were void.

A void judgment is one which is entered by a court lacking jurisdiction over the subject matter and the parties. *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph five of the syllabus; *Mantho v. Bd. of Liquor Control* (1957), 162 Ohio St. 37, 40, 120 N.E.2d 730, 733. Only when a court lacks such jurisdiction is its judgment void rather than voidable. *Perry, supra,* 10 Ohio St.2d at 178, 39 O.O.2d at 191, 226 N.E.2d at 107; *Hines v. Amole* (1982), 4 Ohio App.3d 263, 265, 4 OBR 480, 483, 448 N.E.2d 473, 476.

## III

### A. R.C. 2933.43

#### 1

Robinson's motion was initially premised on the argument that when a forfeiture proceeding is brought pursuant to R.C. 2933.43, the time periods mandated in subsection (C) of that section are jurisdictional. *State v. Hardison* (Jan. 27, 1989), Lucas App. No. L–88–038, unreported, 1989 WL 5425. At the time of the hearing, R.C. 2933.43(C) provided in pertinent part:

"If the property seized was determined by the seizing law enforcement officer to be contraband because of its relationship to an underlying criminal offense or administrative violation, no forfeiture hearing shall be held under this section unless the person pleads guilty to or is convicted of the commission of, or an attempt or conspiracy to commit, the offense or a different offense arising out of the same facts and circumstances or unless the person admits or is adjudicated to have committed the administrative violation or a different violation arising out of the same facts and circumstances; a forfeiture hearing shall be held in such a case no later than thirty days after the plea of guilty, the conviction, or the admission or adjudication of the violation. * * *."[3]

---

**3.** The pertinent provision of R.C. 2933.43(C) has since been amended to provide that the hearing must occur within forty-five days of conviction, admission or adjudication, absent a showing of good cause. The change is not material in this case.

In this case, it is undisputed that the forfeiture hearing was held more than thirty days after Robinson's guilty plea to the underlying offense. Thus, if either or both of the forfeiture petitions in this case were brought pursuant to R.C. 2933.43, the judgment or relevant portion thereof would be void, and Robinson's motion would have to be granted. *Hardison, supra.*

It is clear from the face of the forfeiture petitions, however, that they were both filed pursuant to R.C. 2933.41 rather than R.C. 2933.43. Accordingly, Robinson's argument that the judgments are void because the forfeiture proceedings were brought pursuant to R.C. 2933.43 is not meritorious.

2

Because the forfeiture proceedings were not brought pursuant to R.C. 2933.43, Robinson offers the alternative argument that, even if the proceedings were brought pursuant to R.C. 2933.41, that section of the Revised Code does not properly apply to these forfeiture actions. Rather, he contends that the proceedings should have been brought pursuant to R.C. 2933.43 and that the jurisdictional requirements of that section must apply to them.

Even if his underlying claim, that the proceedings should properly have been brought pursuant to R.C. 2933.43, is correct, the conclusion does not follow. Because the jurisdictional requirements of R.C. 2933.41 have been met,[4] the forfeiture proceedings brought pursuant to R.C. 2933.41 were properly heard. Assuming, *arguendo,* that the proceeding should properly have been brought pursuant to another section, the result would not be a jurisdictional defect resulting in a void judgment. Rather, it would be a pleading defect subject to correction at the time of the initial proceeding or on appeal.

As the Supreme Court of Ohio concluded in *Incorporated Consultants v. Todd* (1964), 175 Ohio St. 425, 25 O.O.2d 440, 195 N.E.2d 788, a defect in the pleadings results, at most, in an erroneous judgment rather than a void judgment. See, also, *Milligan v. Ohio Bell Tel. Co.* (1978), 56 Ohio St.2d 191, 195–196, 10 O.O.3d 352, 354–355, 383 N.E.2d 575, 578; *Mantho, supra,* paragraph two of the syllabus; *Moore v. Robison* (1856), 6 Ohio St. 302, paragraph one of the syllabus; 63 Ohio Jurisprudence 3d (1985) 357–359, Judgments, Section 544.

Accordingly, Robinson's argument that a failure to follow the procedures mandated by R.C. 2933.43 in an action actually, even if wrongfully, brought pursuant to R.C. 2933.41 renders an ensuing judgment void is not meritorious.

---

4. See, *infra,* Part III B.

## B.  R.C. 2933.41

Robinson also contends that the jurisdictional prerequisites of an action pursuant to R.C. 2933.41 were not met in this case.  Specifically, he maintains that R.C. 2933.41(B) includes a requirement that notice of the forfeiture proceedings be published in a newspaper of general circulation in the county.  Because no notice was published in this case, he maintains that the ensuing judgment must be void.

R.C. 2933.41(B) provides:

"(B) A law enforcement agency that has property in its possession that is required to be disposed of pursuant to this section shall make a reasonable effort to locate the persons entitled to possession of the property in its custody, to notify them of when and where it may be claimed, and to return the property to them at the earliest possible time.  In the absence of evidence identifying persons entitled to custody, it is sufficient notice to advertise in a newspaper of general circulation in the county, briefly describing the nature of the property in custody, and inviting persons to view and establish their right to it."

The language of this section clearly specifies not that there is a requirement of publication but that "[i]n the absence of evidence identifying persons entitled to custody, it is sufficient notice to advertise * * *."  Thus, publication is never a requirement.  Rather, it is a "sufficient" means of providing notice absent evidence identifying persons entitled to custody.

Because Robinson has not made a showing that there was no such evidence in this case, or that other notice provided was *insufficient,* he has failed to provide even a basis on which it might be concluded that there was any defect in the proceedings, jurisdictional or otherwise.  Accordingly, this argument is not meritorious.

## C.  Double Jeopardy

Robinson's last argument is based on the determination of the Supreme Court of Ohio that a forfeiture order pursuant to R.C. 2933.43 is "a separate criminal penalty in addition to the penalty the defendant faces for conviction of the underlying felony." *State v. Casalicchio* (1991), 58 Ohio St.3d 178, 569 N.E.2d 916, syllabus.  The court in *Casalicchio* concluded that the Double Jeopardy Clauses of both the Ohio and federal Constitutions forbid such a forfeiture when the state does not seek it until "after a defendant has been sentenced for [the

underlying felony]." *Id.* at 183, 569 N.E.2d at 921. In this case, it is undisputed that neither forfeiture petition was filed until after sentencing for the underlying felony. Thus, if the holding of *Casalicchio* is retroactively applicable, the forfeiture in this case would violate the Double Jeopardy Clauses.

That violation, however, would render the judgments voidable rather than void because violations of the Double Jeopardy Clauses are not jurisdictional. See *Lowther v. Maxwell* (1963), 175 Ohio St. 39, 40, 23 O.O.2d 313, 191 N.E.2d 172, 173, and cases cited therein. As a result, relief would need to have been sought during the initial forfeiture proceedings or on appeal from them. It would not be available by this motion to vacate. As the court said in *Lowther* at 39, 23 O.O.3d at 313, 191 N.E.2d at 172:

"The plea of double jeopardy is a matter of defense which must be raised in the trial court and pursued by way of appeal. Double jeopardy does not go to the jurisdiction of the trial court * * *."

Accordingly, the forfeiture judgment in this case cannot be void as violative of the Double Jeopardy Clauses.

## JUDGMENT ENTRY

It is ORDERED that Dale Churchill Robinson's motion to vacate void judgment and for return of property is denied.

It is further ORDERED that the state of Ohio's motion to dismiss is granted.

*So ordered.*