An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.App.R. 25. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. Crawford v. Eastland Shopping Mall Assn. (1983),11 Ohio App.3d 158.
Defendant-appellant Ronald Burrell appeals from the trial court's denial of his motion to vacate the forfeiture imposed by the court pursuant to R.C. 2933.43. The appellant asserts one assignment of error and argues that he was denied due process of law when the court overruled his motion to vacate. The appellant states that the forfeiture was not voluntary and the trial court impermissibly issued the order of forfeiture without complying with the procedural safeguards imposed by the statute. The State asserts that the appeal should be dismissed based upon the doctrine of res judicata.
The record reveals that the appellant was arrested on October 6, 1995 and indicted on July 17, 1996. The trial court's order of February 19, 1997, indicates that the appellant voluntarily forfeited his 1994 van, a 9 mm gun, a pager, a cellular telephone, and $519. On February 21, 1997, the jury found the appellant guilty of drug trafficking in violation of R.C.2925.03, with a gun specification. The appellant's conviction was affirmed by this court in State v. Burrell (April 16, 1998), Cuyahoga App. No. 72113, unreported. On July 30, 1998, the appellant filed the motion to vacate the forfeiture. No affidavits or other evidence dehors the record were attached to this motion. The court issued an amended journal entry on August 17, 1998, which eliminated the portion of the order stating that the forfeiture was voluntary and instead inserted language to indicate that the forfeiture was granted at the request of the State of Ohio. On August 20, 1998, the court denied the appellant's motion to vacate. No transcript of the trial or complete sentencing are contained in the record.
The law does not favor forfeiture. State v. Hill (1994),70 Ohio St.3d 25, 31. An in personam criminal forfeiture is a form of monetary punishment no different from a traditional fine.Hill supra, citing to Alexander v. United States (1993),509 U.S. 602, 113 S.Ct. 2801. While this court recognized that the language of R.C. 2933.43(C) is mandatory and requires strict compliance with the notice and publication provisions contained therein, Ohio Dept. of Liquor Control v. Sons of Italy Lodge0917 (1992), 65 Ohio St.3d 532, this court is bound by the holding of State v. Perry (1967), 10 Ohio St.2d 175, at syllabus two, where the Supreme Court held:
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial,
which resulted in that judgment or conviction, or on an appeal from that judgment. (emphasis original)
There is no question in the case sub judice that the appellant was represented by counsel. Therefore, the appellant is barred under the doctrine of res judicata from raising a due process issue which could have been, but was not, raised on direct appeal. By analogy, see In re Forfeiture of Property NoLonger Needed as Evidence (1993), 86 Ohio App.3d 68, 75, where the court found that violations of Double Jeopardy must be brought during the initial forfeiture proceedings or on a direct appeal.
The appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________________ TIMOTHY E. McMONAGLE, P. J.
 _______________________________ KENNETH A. ROCCO, J.
 _______________________________ JAMES D. SWEENEY, J.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App. R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).