MILLIGAN, APPELLEE, *v.* OHIO BELL TELEPHONE COMPANY, APPELLANT.

(No. 78-349—Decided December 6, 1978.)

*Mr. Douglas J. Bennett,* for appellee.

*Messrs. Porter, Wright, Morris & Arthur, Mr. Allan E. Roth, Mr. James S. Monahan* and *Mr. Robert K. Huston,* for appellant.

SWEENEY, J. Although appellee had not first sought a determination from the commission that Ohio Bell had violated any of the provisions of R. C. Chapter 4905, the Court of Appeals held that the trial court had jurisdiction to hear the complaint seeking treble damages under R. C. 4905.61.

R. C. 4905.61 provides, in relevant part, that any person, firm, or corporation injured by any act or omission by a utility in violation of R. C. Chapter 4905 or an order of the commission may bring an action for treble damages against the utility. It also provides that any recovery by an injured party will not affect a recovery by the state under the forfeiture provisions contained in R. C. Chapter 4905.

Bringing suit for treble damages against a utility, therefore, is dependent upon a finding that there was a violation of a specific statute (R. C. 4905.22 in this cause) or an order of the commission. Because such finding is within the exclusive jurisdiction of the commission, paragraph one of the syllabus in *State, ex rel. Northern Ohio Tel. Co.,* v. *Winter* (1970), 23 Ohio St. 2d 6, it follows that before a Court of Common Pleas has jurisdiction to hear a complaint for treble damages under R. C. 4905.61, there first must be a determination by the commission that a violation has in fact taken place. An award of treble damages based upon an independent finding by a **Court of Common** Pleas of a violation of such statute or order would be void. See *State, ex rel. Columbia Gas,* v. *Kiroff* (1976), 46 Ohio St. 2d 397.

Thus, it was error for the Court of Appeals to reverse the judgment of the trial court, insofar as it held that the Court of Common Pleas had jurisdiction to hear the complaint concerning treble damages.

In reversing the judgment of the trial court, the Court of Appeals held further, in effect, that the trial court had subject-matter jurisdiction to hear appellee's first, second, and fourth claims for relief, wherein appellee alleged that Ohio Bell had charged an unjust and unreasonable rate, had wrongfully terminated his service, and thus had injured his good name and reputation.

Since these allegations are based on purported violations of R. C. Chapter 4905, only the commission has jurisdiction to review them. R. C. 4905.04 and 4905.26. As noted in *Winter, supra*, at page 10:

"The General Assembly has provided a comprehensive

plan by which subscribers may contest the reasonableness of rates, rules, regulations, and quality of service of a public utility, which plan does not include proceedings in the Court of Common Pleas."

Thus, it was also error for the Court of Appeals to reverse the judgment of the Court of Common Pleas with respect to appellee's first, second, and fourth claims for relief.

This court notes, however, that in his third claim for relief, appellee contends that Ohio Bell had wrongfully invaded his right to privacy and should be held liable in the amount of $5,000.

In *New Bremen* v. *Pub. Util. Comm.* (1921), 103 Ohio St. 23, at pages 30-31, this court noted that the commission has no power to judicially ascertain and determine legal rights and liabilities, since such power has been vested in the courts by the General Assembly pursuant to Article IV of the Ohio Constitution. Thus, claims sounding in contract or tort have been regarded as reviewable in the Court of Common Pleas, although brought against corporations subject to the authority of the commission. See *State, ex rel. Dayton Power & Light Co.,* v. *Riley* (1978), 53 Ohio St. 2d 168, 169-170; *Richard A. Berjian, D. O. Inc.,* v. *Ohio Bell Tel. Co.* (1978), 54 Ohio St. 2d 147.

Whereas the right of privacy has been recognized as a legal right existing at common law in this state, see *Housh* v. *Peth* (1956), 165 Ohio St. 35, it follows that the Court of Common Pleas has subject-matter jurisdiction pursuant to R. C. 2305.01 to hear a complaint alleging a violation of this right by a utility. The claim of invasion of privacy confers power upon the court to hear the claim, and it is incumbent for it to do so unless the claim is alleged solely for the purpose of obtaining jurisdiction or is wholly insubstantial or frivolous. See *Binderup* v. *Pathe Exchange* (1923), 263 U. S. 291, at pages 305-306; *Ouzts* v. *Maryland Nat. Ins. Co.* (C. A. 9, 1972), 470 F. 2d 790, 791.

In the instant cause, although appellee disclosed no operative facts giving rise to his third claim for relief, this court is not convinced that appellee's claim

should have been dismissed for lack of subject-matter jurisdiction.

No affidavits, depositions, or similar matters were introduced by Ohio Bell in conjunction with its Civ. R. 12(B)(1) motion. See, *e. g., Southgate Development Corp.* v. *Columbia Gas Transmission Corp.* (1976), 48 Ohio St. 2d 211. Thus, without any indication that the court lacked jurisdiction, the trial court dismissed appellee's claim, which, on its face, was brought before the proper forum. Although appellee may have failed to state a claim upon which relief could be granted, this possibility did not affect the jurisdiction of the court to hear the claim in the first instance (see *Illinois Central R. R. Co.* v. *Adams* [1901], 180 U. S. 28, at page 34), and to make a final decision that would be binding as *res judicata* on the parties. See *Montana-Dakota Utilities Co.* v. *Northwesten Pub. Serv. Co.* (1951), 341 U. S. 246, at page 249.

Since it was erroneous for the Court of Common Pleas to sustain Ohio Bell's motion to dismiss for lack of subject-matter jurisdiction pursuant to Civ. R. 12(B)(1) in this cause, the judgment of the Court of Appeals is affirmed with respect to this issue, but reversed as to the other issues herein, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment affirmed in part and reversed in part.*

CELEBREZZE, W. BROWN and LOCHER, JJ., concur.

LEACH, C. J., HERBERT and P. BROWN, JJ., concur in part.

LEACH, C. J., concurring in part. I concur in the syllabus and in the judgment of this court reversing the first, second and fourth claims for relief. Since, because the third claim for relief did not properly allege any invasion of privacy, I believe it futile to remand the cause for further action in the Court of Common Pleas.

HERBERT and P. BROWN, JJ., concur in the foregoing concurring opinion.