TONGREN, Ohio Consumers' Counsel, Appellant,

v.

D&L GAS MARKETING, LTD., Appellee.

[Cite as *Tongren v. D&L Gas Marketing, Ltd.,* 149 Ohio App.3d 508, 2002-Ohio-5006.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 01AP–1233.

Decided Sept. 24, 2002.

Robert S. Tongren, Ohio Consumers' Counsel, Jennifer Utter Heston and Barry Cohen, Assistant Consumers' Counsel, for appellant.

Vorys, Sater, Seymour & Pease, L.L.P., and David W. Hardymon, for appellee.

McCormac, Judge.

{¶ 1} Robert S. Tongren, plaintiff-appellant, in his capacity as the Ohio Consumers' Counsel, on behalf of residential consumers of the state of Ohio, filed a complaint in the Franklin County Court of Common Pleas against defendant-appellee, D&L Gas Marketing, Ltd., seeking monetary damages under a theory of the common law of contracts or equitable estoppel in favor of affected D&L customers who allegedly were wronged by the wrongful action of defendant. In response thereto, defendant moved the court to dismiss the complaint on the ground that plaintiff has failed to state a claim upon which relief may be granted.

{¶ 2} The trial court granted the motion to dismiss on the basis that plaintiff, Ohio Consumers' Counsel, had no standing or authority to prosecute the action.

{¶ 3} Plaintiff appeals, asserting the following assignments of error:

{¶ 4} "1. The trial court erred in concluding that the Ohio Consumers' Counsel does not have the statutory authority pursuant to R.C. Chapter 4911 to maintain a breach of contract action on behalf of residential consumers against a natural gas supplier in the Court of Common Pleas.

{¶ 5} "2. The trial court erred in concluding that the breach of contract action originating in the court of common pleas was not related to a decision or failure to act by the Public Utilities Commission of Ohio."

{¶ 6} A court of appeals reviews de novo the judgment of a trial court dismissing a case pursuant to Civ.R. 12(B)(6). *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 229, 551 N.E.2d 981. A motion to dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted is a procedural motion, which tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378. Upon review, a court of appeals examines the complaint to determine the legal sufficiency only of the allegations used in stating a claim.

{¶ 7} First, we must examine the pertinent allegations contained in appellant's complaint in order to determine whether the Ohio Consumers' Counsel ("OCC") had standing to represent the residential consumers of D&L Gas Marketing, Ltd. in this action. The pertinent parts of the complaint are as follows: (1) the OCC sued in the common pleas court not on behalf of himself but, rather, on behalf of unnamed "Residential Consumers of the State of Ohio" under a claim of "broad powers granted to him under Ohio Revised Code Section 4911.02(B)"; (2) the OCC asserted claims for breach of contract and promissory estoppel arising out of an alleged failure by D&L to comply with the terms of contracts with its consumers to which the OCC was not a party; (3) the OCC's

complaint made no allegations about any acts or omission by the PUCO; and (4) the relief requested by the OCC was damages for breach of contract.

{¶ 8} Appellant's assignments of error are combined for discussion, as they both involve the authority of OCC to represent consumers in a contract action in the court of common pleas.

{¶ 9} The OCC possesses only the jurisdiction and powers conferred upon him by his enabling statute. See *Green v. W. Res. Psych. Hab. Ctr.* (1981), 3 Ohio App.3d 218, 220, 3 OBR 248, 444 N.E.2d 442. The enabling statute relied upon in this case is R.C. 4911.02(B). It provides:

{¶ 10} "(B)(1) The counsel may sue or be sued and has the powers and duties granted him under this chapter, and all necessary powers to carry out the purposes of this chapter;

{¶ 11} "(2) Without limitation because of enumeration, the counsel:

{¶ 12} "(a) Shall have all the rights and powers of any party in interest appearing before the public utilities commission regarding examination and cross-examination of witnesses, presentation of evidence, and other matters;

{¶ 13} "(b) May take appropriate action with respect to residential consumer complaints concerning quality of service, service charges, and the operation of the public utilities commission;

{¶ 14} "(c) May institute, intervene in, or otherwise participate in proceedings in both state and federal courts and administrative agencies on behalf of the residential consumers concerning review of decisions rendered by, or failure to act by, the public utilities commission[.]"

{¶ 15} R.C. 4911.14 additionally establishes the OCC's limited jurisdiction. It states:

{¶ 16} "The jurisdiction of the consumers' counsel extends to every case that he or another party brings before the public utilities commission involving the fixing of any rate, joint rate, fare, charge, toll, or rental charged for commodities or services by any public utility, the plant or property of which lies wholly within this state."

{¶ 17} Finally, R.C. 4911.15 states:

{¶ 18} "The consumers' counsel * * * may represent those consumers or corporations whenever an application is made to the public utilities commission by any public utility desiring to establish, modify, amend, change, increase, or reduce any rate, joint rate, toll, fare, classification, charge, or rental.

{¶ 19} "The consumers' counsel may appear before the public utilities commission as a representative of the residential consumers of any public utility when

a complaint has been filed with the commission that a rate, joint rate, fare, toll, charge, classification, or rental for commodities or services rendered, charged, demanded, exacted, or proposed to be rendered, charged, demanded, or exacted by the utility is in any respect unjust, unreasonable, unjustly discriminatory, unjustly preferential, or in violation of the law."

{¶ 20} All of the specifically enumerated powers described in R.C. 4911.02 concern the OCC's powers and duties as they relate to public utility rates and services and proceedings before the PUCO. At the time the OCC filed his complaint against D&L, gas marketers were not public utilities subject to PUCO jurisdiction. Subsequently, the legislature enacted R.C. 4929.20, 4929.22, and 4929.24 (on June 26, 2001), which granted the PUCO jurisdiction over gas marketers, like D&L.

{¶ 21} There are no express provisions in R.C. Chapter 4911 that permit the OCC to bring consumer complaints in the common pleas court as breach-of-contract actions. The PUCO possesses exclusive jurisdiction over consumer complaints concerning quality of service. See R.C. 4905.26; *Kazmaier Supermarket, Inc. v. Toledo Edison Co.* (1991), 61 Ohio St.3d 147, 573 N.E.2d 655. Phrasing allegations in a consumer complaint to sound in tort or contract is not sufficient to confer jurisdiction upon a trial court where the basic claim is one relating to service, a claim which only the PUCO has jurisdiction to resolve. *Higgins v. Columbia Gas of Ohio, Inc.* (2000), 136 Ohio App.3d 198, 202, 736 N.E.2d 92.

{¶ 22} In summary, the OCC possesses the express power to represent the interest only of Ohio Public Utilities Consumers before the PUCO in actions relating to a PUCO decision or failure to act. The OCC's claim of a broad implied power to sue a company that is not a public utility for breach of contract in a representative capacity in common pleas court exceeds any express power set forth in R.C. Chapter 4911. The OCC seeks to gain by judicial fiat a power that the legislature did not grant him—the power to use public funds to prosecute civil claims in a representative capacity before courts of general jurisdiction. In this case, the OCC seeks to represent numerous former customers of D&L in a capacity akin to a class representative but without the procedural safeguards or statutory mechanisms that would be applied to a Civ.R. 23 action.

{¶ 23} The OCC offers no authority in support of his position that his breach-of-contract action in the common pleas court was brought pursuant to R.C. 4911.02(B)(2)(c) or was based upon or related to PUCO action or inaction concerning D&L. The OCC merely asserts that several PUCO orders in 1997 and 1998 authorizing D&L to sell natural gas to residential consumers establish a sufficient nexus between PUCO actions and D&L's alleged breach of contract to allow the OCC to maintain this action in common pleas court. The lawsuit,

however, does not involve or seek review of the PUCO's decision to authorize the Columbia choice program. Moreover, it is not an action to review the PUCO's decision or its failure to act with respect to D&L, as the PUCO had no jurisdiction over gas marketers at the time of the 1997 order.

{¶ 24} The OCC relies upon this court's holding in *O'Brien v. Columbus S. Power Co.* (1992), 73 Ohio App.3d 355, 597 N.E.2d 188, where we stated that, pursuant to R.C. 4911.02(B)(1), the OCC has the broad power to sue in a representative capacity in common pleas court on behalf of Ohio utilities consumers. However, *O'Brien* is factually and legally distinct from the present case and provides no precedential value for determining this case. In *O'Brien,* the OCC, among other interested parties, sought to bar enforcements of unconstitutional rate-refund statutes that permitted proposed rates increases to be imposed automatically upon the PUCO's failure to act upon a rate-increase application filed by a public utility. *O'Brien* falls within the ambit of the express revision of R.C. 4911.02(B)(2), which permits the OCC to "participate in proceedings in state courts concerning review of a failure to act by the public utilities commission." However, in this case, no one has made any application to the PUCO. There is no order, act, or omission by PUCO at issue. There is no constitutional question presented that has effect upon Ohio natural gas consumers. This case is a breach-of-contract case, which does not invoke the power or authority of PUCO, the rights of Ohio consumers generally, or the statutory mandate given to the OCC.

{¶ 25} We have previously explained why the statutes giving authority to OCC to represent PUCO consumers give no express power to the OCC to represent consumers in a contract action in common pleas court. R.C. 4911.02 was intended to provide consumer representation at public expense by use of the OCC in actions before the PUCO, or in common pleas court where the PUCO failed to act on a matter in which it had jurisdiction, or where the PUCO had acted in a way that expressly affected consumers. The General Assembly did not intend to open the door for use of public funds in a class-action-type suit where OCC is the plaintiff and where the action is a contract action against an entity not subject to PUCO jurisdiction. Public policy does not support this type of action, which, if prosecuted, should be as a properly filed Civ.R. 23 class action subject to the requirement of designation of proper class members as plaintiffs and subject to the procedural safeguards set forth for class action litigation in Civ.R. 23. There are no procedural mechanisms set forth in R.C. Chapter 4911 to regulate the action as filed or to determine such important matters as how any collective judgment obtained by the OCC would be distributed to residential consumers who are the real parties in interest.

{¶ 26} Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

TYACK, P.J., and DESHLER, J., concur.

JOHN W. MCCORMAC, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.