THE STATE EX REL. COLUMBIA GAS OF OHIO, INC. *v.* HENSON, JUDGE.

[Cite as *State ex rel. Columbia Gas of Ohio, Inc. v. Henson,* 102 Ohio St.3d 349, 2004-Ohio-3208.]

(No. 2004–0353—Submitted May 25, 2004—Decided July 7, 2004.)

**Per Curiam.**

{¶ 1} Relator, Columbia Gas of Ohio, Inc. ("Columbia Gas"), is a public-utility corporation that supplies natural gas to both commercial and residential Ohio customers. Prime Business Properties ("Prime Business") is a Columbia Gas customer in Richland County, Ohio.

{¶ 2} On January 28, 2003, Columbia Gas shut off gas to two commercial property units owned by Prime Business because of the customer's failure to pay for service in November and December 2002. Columbia Gas sent invoices for natural-gas service to Prime Business for the two units covering billing periods ending November 15, 2002, December 18, 2002, and January 21, 2003. These invoices detailed balances due to Columbia Gas and advised Prime Business to pay these past-due accounts to "[a]void possible termination of service." According to Columbia Gas, it gave Prime Business written notice of termination of natural-gas service for the two units on January 14, 2003. Seven hours after its termination of service on January 28, 2003, Columbia Gas restored service to the two units.

{¶ 3} On January 30, 2003, Prime Business filed a complaint against Columbia Gas in the Richland County Court of Common Pleas. In its complaint, Prime Business alleged that Columbia Gas had breached its legal duty in terminating service to the property without 24 hours' notice, in violation of R.C. 4933.12(A).[1]

---

1. R.C. 4933.12(A) provides that a natural gas company may shut off gas to premises of a person if the person fails to pay the amount due for the gas, provided that the company gives 24 hours' notice.

Prime Business also alleged that Columbia Gas had tortiously interfered with Prime Business's business relationship with its tenants by "shutting off the gas service to the property without just ca[u]se and without the required notice, then compounding the problem by misrepresenting to the property owner about when it would restore gas service to the property." It further alleged that this conduct constitutes "grossly negligent and intentional tortious misconduct."

{¶ 4} On March 12, 2003, Columbia Gas moved to dismiss the complaint for lack of subject-matter jurisdiction. Columbia Gas claimed that the matters alleged in Prime Business's complaint were within the exclusive jurisdiction of the Public Utilities Commission of Ohio.

{¶ 5} On June 10, 2003, respondent, Judge James D. Henson of the common pleas court, denied the motion. Judge Henson concluded that Prime Business's complaint sounded in tort and was "not about service or rates." He further found that the commission had no power to "determine legal rights and liabilities or to determine and award damages."

{¶ 6} In August 2003, Prime Business submitted interrogatories and a request for document production to Columbia Gas. In these discovery requests, Prime Business sought information concerning Columbia Gas's compliance with commission regulations, directives, and policies concerning customer service and service-termination procedures. Columbia Gas moved for a protective order, which Judge Henson granted.

{¶ 7} From October 2003 until February 2004, the parties discussed settlement. On February 23, 2004, Columbia Gas filed this action for a writ of prohibition to prevent Judge Henson from proceeding further on the Prime Business complaint. On February 27, the court granted the motion of Columbia Gas for expedited consideration and an alterative writ. *State ex rel. Columbia Gas of Ohio, Inc. v. Henson,* 101 Ohio St.3d 1463, 2004-Ohio-862, 804 N.E.2d 37.

{¶ 8} This cause is now before the court for its S.Ct.Prac.R. X(5) determination and to address the motion of Prime Business to intervene as a respondent. Prime Business also filed a merit brief as an intervenor, or in the alternative, as an amicus curiae in support of Judge Henson.

## Motion of Prime Business to Intervene

{¶ 9} Prime Business moves to intervene as a respondent. It claims entitlement to intervene as of right under Civ.R. 24(A) or permissively pursuant to Civ.R. 24(B). See S.Ct.Prac.R. X(2) ("All original actions shall proceed under the Ohio Rules of Civil Procedure, unless clearly inapplicable").

{¶ 10} Prime Business, however, failed to satisfy the requirements of Civ.R. 24(C), which mandates that the motion "be accompanied by a pleading * * *

setting forth the claim or defense for which intervention is sought." Prime Business did not file any pleading with its motion to intervene.

{¶ 11} Therefore, consistent with precedent, we deny the motion to intervene. See *State ex rel. Geauga Cty. Bd. of Commrs. v. Milligan,* 100 Ohio St.3d 366, 2003-Ohio-6608, 800 N.E.2d 361, ¶ 13; see, also, *State ex rel. Wilkinson v. Reed,* 99 Ohio St.3d 106, 2003-Ohio-2506, 789 N.E.2d 203, fn. 1, and cases cited therein.

{¶ 12} Nevertheless, because Prime Business was entitled to file an amicus curiae brief without leave of court, we will consider its brief in our determination. See S.Ct.Prac.R. VI(6).

## Prohibition

{¶ 13} Columbia Gas requests a writ of prohibition to prevent Judge Henson from proceeding on Prime Business's complaint. In order to be entitled to the writ, Columbia Gas must establish that (1) Judge Henson is about to exercise judicial power, (2) the exercise of that power is not authorized by law, and (3) denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. See *Campaign to Elect Larry Carver Sheriff v. Campaign to Elect Anthony Stankiewicz Sheriff,* 101 Ohio St.3d 256, 2004-Ohio-812, 804 N.E.2d 419, ¶ 9.

{¶ 14} Columbia Gas asserts that Judge Henson patently and unambiguously lacks jurisdiction over the claims raised by Prime Business. "If a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition * * * will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions." *State ex rel. Mayer v. Henson,* 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12. Consequently, "[i]n cases of a patent and unambiguous lack of jurisdiction, the requirement of a lack of an adequate remedy of law need not be proven because the availability of alternate remedies like appeal would be immaterial." *State ex rel. State v. Lewis,* 99 Ohio St.3d 97, 2003-Ohio-2476, 789 N.E.2d 195, ¶ 18.

{¶ 15} Therefore, the dispositive issue is whether, as Columbia Gas contends, Judge Henson patently and unambiguously lacks jurisdiction over Prime Business's claims because these claims are within the commission's exclusive jurisdiction. For the following reasons, Judge Henson patently and unambiguously lacks jurisdiction over these claims. Thus, Columbia Gas is entitled to a writ of prohibition.

{¶ 16} R.C. 4905.22 specifies that "[e]very public utility shall furnish necessary and adequate service * * *." But "*[t]he commission has exclusive jurisdiction over various matters involving public utilities, such as* rates and charges, classifications, and *service,* effectively denying to all Ohio courts (except this court) any jurisdiction over such matters." (Emphasis added.) *State ex rel.*

*Cleveland Elec. Illum. Co. v. Cuyahoga Cty. Court of Common Pleas* (2000), 88 Ohio St.3d 447, 450, 727 N.E.2d 900. R.C. 4905.26 confers exclusive jurisdiction on the commission to determine whether any service rendered by a public utility "is in any respect unjust, unreasonable, * * * or in violation of law."

{¶ 17} Moreover, the commission's exclusive jurisdiction includes complaints regarding the termination of service by public utilities. See *Milligan v. Ohio Bell Tel. Co.* (1978), 56 Ohio St.2d 191, 10 O.O.3d 352, 383 N.E.2d 575, paragraph two of the syllabus ("A Court of Common Pleas is without jurisdiction to hear a claim alleging that a utility has violated R.C. 4905.22 by * * * wrongfully terminating service, since such matter[ ] [is] within the exclusive jurisdiction of the Public Utilities Commission"); *Higgins v. Columbia Gas of Ohio, Inc.* (2000), 136 Ohio App.3d 198, 202, 736 N.E.2d 92 ("refusal or termination of service by a public utility is a matter which is in the exclusive jurisdiction of the [commission], subject to an appeal to the Ohio Supreme Court").

{¶ 18} Judge Henson concluded, however, that the Prime Business complaint sounded in tort: tortious interference with a business relationship based upon an intentional, fraudulent act. Judge Henson and Prime Business are correct that "courts retain limited subject-matter jurisdiction over pure common-law tort and certain contract actions involving utilities regulated by the commission." *State ex rel. Illuminating Co. v. Cuyahoga Cty. Court of Common Pleas,* 97 Ohio St.3d 69, 2002-Ohio-5312, 776 N.E.2d 92, ¶ 20, and cases cited therein.

{¶ 19} But the mere fact that Prime Business cast its allegations in the underlying case to sound in tort is insufficient to confer jurisdiction upon the common pleas court. Id. at ¶ 21.

{¶ 20} Instead, the substance of Prime Business's claims involve Columbia Gas's termination and restoration of natural-gas service. These claims are manifestly *service*-related complaints, which are within the exclusive jurisdiction of the commission. *Milligan,* 56 Ohio St.2d 191, 10 O.O.3d 352, 383 N.E.2d 575, paragraph two of the syllabus; *Higgins,* 136 Ohio App.3d at 202, 736 N.E.2d 92; *Tongren v. D & L Gas Marketing, Ltd.,* 149 Ohio App.3d 508, 2002-Ohio-5006, 778 N.E.2d 76, ¶ 21 ("The [commission] possesses exclusive jurisdiction over consumer complaints concerning quality of service"); see, also, *Suleiman v. Ohio Edison Co.* (2001), 146 Ohio App.3d 41, 764 N.E.2d 1098 (claims for damages from negligence in replacing a meter and fraud in adjusting a customer's bill to compensate for a nonworking meter are acts relating to service and are within the exclusive jurisdiction of the commission).

{¶ 21} Prime Business's complaint concerned Columbia Gas's alleged wrongful termination of *service* as well as its alleged delay in restoring *service* to Prime Business's tenants. Thus, the trial court's view that the underlying case "is not about service or rates" does not accurately describe the essence of Prime

Business's claims. The underlying case also does not, despite Prime Business's contention, involve pure tort claims comparable to the personal-injury claims alleged in *State ex rel. Ohio Edison Co. v. Shaker* (1994), 68 Ohio St.3d 209, 210–211, 625 N.E.2d 608.

{¶ 22} In addition, as acknowledged by the trial court's decision denying the motion of Columbia Gas to dismiss the underlying case for lack of subject-matter jurisdiction, Prime Business's "claim is that [Columbia Gas] violated a statutory duty established by the Ohio Legislature by the enactment of [R.C.] 4933.12[ ][,] which proscribes termination of service without proper notice and an opportunity to be heard." Prime Business expressly alleged in its complaint that Columbia Gas violated R.C. 4933.12(A) by shutting off gas service to the two units owned by Prime Business without the required statutory notice. Indeed, the discovery requests propounded by Prime Business emphasized its primary concern with whether Columbia Gas had complied with applicable public-utilities law.

{¶ 23} Recently, under comparable circumstances, we granted a writ of prohibition to prevent a common pleas court from proceeding on certain claims alleging violations of public-utilities law. See *Illuminating Co.*, 97 Ohio St.3d 69, 2002-Ohio-5312, 776 N.E.2d 92. We held, "Allegations of violations of R.C. Chapter 4905 * * * are within the exclusive initial jurisdiction of the commission." Id. at ¶ 22. Similarly, alleged service violations by a public utility of R.C. 4933.12(A) are within the exclusive jurisdiction of the commission. *Dworkin v. E. Ohio Gas Co.* (Mar. 22, 1990), Cuyahoga App. No. 57314, 1990 WL 32587. In *Dworkin*, the court of appeals held that a common pleas court lacked jurisdiction to consider a claim that a public utility's threat to terminate natural-gas service without notice violated R.C. 4933.12 because that service-related complaint must be initially brought before the commission. The *Dworkin* holding is consistent with our view that the General Assembly "created the Public Utilities Commission and empowered it with broad authority to administer and enforce the provisions of Title 49." *Kazmaier Supermarket, Inc. v. Toledo Edison Co.* (1991), 61 Ohio St.3d 147, 150, 573 N.E.2d 655.

{¶ 24} As Prime Business concedes, its complaint specified a violation of a statutory provision that encompasses both residential and *commercial* natural-gas customers, i.e., R.C. 4933.12(A), which broadly applies "to any person supplied with gas." But Prime Business asserts that no statutory provisions address terminating service to commercial natural-gas customers. Although there is admittedly a more pervasive regulatory scheme concerning the termination of natural-gas service to residential customers than to commercial customers,[2] this acknowledgement does not diminish the fact that Prime Business's

2. See, e.g., R.C. 4933.122.

complaint is service related and is expressly premised upon Columbia Gas's alleged failure to comply with a public-utilities statute that applies to both residential and commercial natural-gas customers.

{¶ 25} Because Prime Business's claims involve complaints about natural-gas service and alleged violations of public-utilities law, Judge Henson patently and unambiguously lacked jurisdiction over the underlying complaint. Furthermore, Prime Business retains an available legal remedy. If the commission determines that Columbia Gas violated Title 49 or a commission order, the common pleas court would have jurisdiction to hear a complaint for damages by Prime Business based on the commission's findings. See *Milligan*, 56 Ohio St.2d at 194, 10 O.O.3d 352, 383 N.E.2d 575 ("before a Court of Common Pleas has jurisdiction to hear a complaint for treble damages under R.C. 4905.61, there first must be a determination by the commission that a violation has in fact taken place").

{¶ 26} Therefore, we grant the requested writ of prohibition because the commission has exclusive, initial jurisdiction to consider these claims. Our conclusion recognizes "that the resolution of such claims 'is best accomplished by the commission with its expert staff technicians familiar with the utility commission provisions.'" *Gayheart v. Dayton Power & Light Co.* (1994), 98 Ohio App.3d 220, 228, 648 N.E.2d 72, quoting *Kazmaier Supermarket*, 61 Ohio St.3d at 153, 573 N.E.2d 655.

Writ granted.

MOYER, C.J., RESNICK, F.E. SWEENEY, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

PFEIFER, J., dissents and would deny the writ.

———

Bricker & Eckler, L.L.P., James R. Berendsen and Vladimir P. Belo, for relator.

James R. Mayer Jr., Richland County Prosecuting Attorney, John D. Studenmund and Nancy H. Massie, Assistant Prosecuting Attorneys, for respondent.

Vorys, Sater, Seymour & Pease, L.L.P., Joseph A. Brunetto, M. Howard Petricoff and Jason J. Kelroy, for amicus curiae Prime Business Properties.