JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs, Miles Management Corporation, Alok Bahaiji, M.D., Inc., Union House Bar Restaurant, and Regional Therapy, Inc. ("plaintiffs") appeal the January 27, 2004 judgment entry of the trial court granting defendants' motion to dismiss for lack of subject-matter jurisdiction. The motion was filed by FirstEnergy Corp. and American Transmission Systems, Inc.'s ("defendants"). Plaintiffs also appeal the court denying their request to file a third amended complaint. For the reasons set forth below, we affirm the decision of the trial court in this matter.
 {¶ 2} Plaintiffs' original class action complaint[1] was filed on August 19, 2003. Thereafter, plaintiffs filed a first amended class action complaint[2] and then a second amended class action complaint[3]
on November 14, 2003. The allegation in all three complaints was the same: defendants negligently supplied electrical services, on or about August 14, 2003,[4] which negligence resulted in business interruption damages to plaintiffs.
 {¶ 3} On December 16, 2003, plaintiffs filed motion for leave to file a third amended complaint. That request was denied by the trial court on December 22, 2003.
 {¶ 4} On December 17, 2003, defendants responded to plaintiff's second amended complaint by filing a motion to dismiss pursuant to Civ.R. 12(B)(1). In their motion, defendants argued the trial court lacked subject matter jurisdiction because The Public Utilities Commission of Ohio ("PUCO") has exclusive jurisdiction over plaintiff's claims. Defendants argued plaintiffs' claims are governed by R.C. 4905.26 because they ultimately relate to the provision of electrical service at the various plaintiffs' properties.
 {¶ 5} The trial court granted defendants' motion and plaintiffs now appeal. Plaintiffs present two assignments of error for review. Because plaintiffs' second assignment of error is essentially dispositive of this appeal, we address it first. In that assignment, plaintiffs allege:
II. The trial judge erred, as a matter of law, by dismissing plaintiff-appellants' claims for lack of subject matter jurisdiction.
 {¶ 6} Plaintiffs argue that the trial court erred in dismissing their complaint, because their claims sound in tort and are not, therefore, subject to PUCO's exclusive jurisdiction over servicerelated utility complaints.
 {¶ 7} When it granted defendants' Civ.R. 12(B)(1) motion to dismiss, the trial court entered the following entry:
The defendants' motion to dismiss for lack of subject matter jurisdiction is granted. the court agrees with the reasoning in S.G. Foods, Inc. v. First Energy Corporation (2003, summit county court of common pleas) CV 03 08 4909. That case arises out of the same power outage as The instant claim and held the occurence to be an "alleged termination of electric service." therefore, The public utilities commission of ohio has exclusive jurisdiction of the claim (R.C. 4905.26). Pursuant to the foregoing, the court declines to rule on the CIV.R. 12(B)(6) Motion. Final
 {¶ 8} "Once a party files a Civ.R. 12(B)(1) motion to dismiss, the trial court determines whether the complaint contains a cause of action that it has authority to decide. * * * On appeal, we conduct a de novo review of a Civ.R. 12(B)(1) motion." Pac. Indem. Ins. Co. v. IlluminatingCo., Cuyahoga App. No. 82074, 2003-Ohio-3954, at ¶ 5 and ¶ 6.
 {¶ 9} PUCO "has jurisdiction to adjudicate utility customer complaints related to rates or services of the utility." Kazmaier Supermarket, Inc.v. Toledo Edison Co. (1991), 61 Ohio St.3d 147, 151-152, 573 N.E.2d 655. In Kazmaier, the Supreme Court of Ohio determined that when a claim is related to service, as defined by R.C. 4905.26, the commission has exclusive jurisdiction.
 {¶ 10} R.C. 4905.26 is the statute authorizing and explaining the procedure for filing service complaints. Kazmaier, supra. The statute provides as follows:
Upon complaint in writing against any public utility by any person, firm, or corporation, or upon the initiative or complaint of the public utilities commission, that any rate, fare, charge, toll, rental, schedule, classification, or service, or any joint rate, fare, charge, toll, rental, schedule, classification, or service rendered, charged, demanded, exacted, or proposed to be rendered, charged, demanded, or exacted, is in any respect unjust, unreasonable, unjustly discriminatory, unjustly preferential, or in violation of law, or that any regulation, measurement, or practice affecting or relating to any service furnished by the public utility, or in connection with such service, is, or will be, in any respect unreasonable, unjust, insufficient, unjustly discriminatory, or unjustly preferential, or that any service is, or will be, inadequate or cannot be obtained, and, upon complaint of a public utility as to any matter affecting its own product or service, if it appears that reasonable grounds for complaint are stated, the commission shall fix a time for hearing and shall notify complainants and the public utility thereof. Such notice shall be served not less than fifteen days before hearing and shall state the matters complained of. The commission may adjourn such hearing from time to time.
 {¶ 11} There are, however, exceptions to PUCO'S exclusive jurisdiction over utility complaints. Contract and pure common-law tort claims may be brought in a court of common pleas, rather than submitted to PUCO. Stateex rel. Illuminating Co. v. Cuyahoga Cty. Court of Common Pleas,97 Ohio St.3d 69, 2002-Ohio-5312, 776 N.E.2d 92.
 {¶ 12} Nonetheless, "claims [that] are manifestly service-related complaints * * * are within the exclusive jurisdiction of the commission." State ex rel. Columbia Gas of Ohio, Inc. v. Henson,102 Ohio St.3d 349, 2004-Ohio-3208, 810 N.E.2d 953, at ¶ 20, citingMilligan v. Ohio Bell Tel. Co. (1978), 56 Ohio St.2d 191, 383 N.E.2d 575, ("A Court of Common Pleas is without jurisdiction to hear a claim alleging that a utility has violated R.C. 4905.22[5] by * * * wrongfully terminating service, since such matter [is] within the exclusive jurisdiction of the Public Utilities Commission"), paragraph two of the syllabus. Quality of service complaints are under PUCO's jurisdiction. Id., citing Tongren v. D L Gas Marketing, Ltd.,149 Ohio App.3d 508, 2002-Ohio-5006, 778 N.E.2d 76, ¶ 20; Ippolito v.First Energy Corporation, Cuyahoga App. No. 84267, 2004-Ohio-5876.
 {¶ 13} In the case at bar, we must determine whether plaintiffs' claims are common-law tort claims or whether they primarily relate to service. We review the substance of the claims rather than plaintiffs' assertions that they are tort claims. See, Milligan v. Ohio BellTelephone Co. (1978), 56 Ohio St.2d 191, 383 N.E.2d 575.
 {¶ 14} Following the Ohio Supreme Court and other state appellate courts, this court has repeatedly held that tort claims alleging disruption in service or the adequacy of utility service fall under the exclusive jurisdiction of PUCO. Pac. Indem. Ins. Co. v. IlluminatingCo., Cuyahoga App. No. 52074, 2003-Ohio-3954; Lawko v. Ameritech Corp. (Dec. 7, 2000), Cuyahoga App. No. 78103, 2000 Ohio App. LEXIS 5687, at *7-8, (negligence claim alleging inadequate telephone service and failure to remedy the telephone service "are clearly service-oriented" and, therefore, "the exclusive jurisdiction for disposition of such claims lies with the PUCO"); Assad v. Cleveland Elec. Illuminating Co., (May 19, 1994), Cuyahoga App. No. 65532; Ohio Graphco v. Ohio Bell Tel. Co.,
(May 12, 1994), Cuyahoga App. No. 65466; Pacific Chemical Products Co.v. Teletronics Services, Inc. (1985), 29 Ohio App.3d 45, 502 N.E.2d 669;State Farm Fire Cas. Co. v. Cleveland Elec. Illuminating Co., Lake App. No. 2003-L-032, 2004-Ohio-3506, (plaintiff's negligent inspection claim was primarily related to service); Suleiman v. Ohio Edison Co.,146 Ohio App.3d 41, 2001-Ohio-3414, 764 N.E.2d 1098 (negligence claim for defendant's replacement of an electrical meter relates to service and is within the exclusive jurisdiction of PUCO); Cochran v. AmeritechCorp., (July 26, 2000), Summit App. No. 19832, (tort and civil rights claims related to telephone company's discontinuation of plaintiff's service and, therefore, fell under PUCO); Heiner v. Cleveland Elec.Illuminating Co., (Aug. 9, 1996), Geauga App. No. 95-G-1948, (power surge was service related) Farra v. Dayton (1989), 62 Ohio App.3d 487,576 N.E.2d 807 (claim brought as negligence concerning removal of electric and gas meters is service related).
 {¶ 15} Plaintiffs' second amended complaint in this case includes one cause of action entitled "negligence." The underlying factual claims include the following statements:
On or about August 14, 2003, [defendants] * * * negligently and carelessly permitted a disruption of electrical services that eventually spread to utility companies in Michigan, Pennsylvania, New York, and other parts of the United States and Canada. Plaintiffs have reason to believe that the most significant events related to this disruption of services
occurred in Cuyahoga County, Ohio.
* * * [defendants] permitted the disruption to occur and escalate byfailing to comply with applicable laws and regulations, industrypractices and standards, and other requirements of due care.
* * *
As a direct and proximate result of the negligence and wrongdoing of [defendants], plaintiffs suffered an impairment of their business operations to their substantial detriment. (Emphasis added.)
Plaintiffs' second amended complaint, ¶¶ 5, 6, and 11.
 {¶ 16} On the face of plaintiffs' second amended complaint, we conclude that the claims therein are singularly related to the manner in which defendants provided or failed to provide electricity service to plaintiffs.
 {¶ 17} Although couched in tort language, the substance of plaintiffs' claims primarily relate to defendants' alleged disruption of plaintiffs' electrical service. Moreover, the determination of issues related to "applicable laws and regulations, industry practices and standards," "is best accomplished by the commission with its expert staff technicians familiar with the utility commission provisions." Gayheart v. DaytonPower Light Co. (1994), 98 Ohio App.3d 220, 228, 648 N.E.2d 72, quoting Kazmaier, supra., 153.
 {¶ 18} We reject plaintiffs' interpretation of State ex rel. TheIlluminating Co. v. Cuyahoga Cty. Court of Common Pleas, 97 Ohio St.3d 69,2002-Ohio-5312, 776 N.E.2d 92[6] and Pacific Indemn. Ins. Co. v.Illuminating Co., Cuyahoga App. No. 82074, 2003-Ohio-3954. Plaintiffs argue that both cases dispense with a "service oriented rule" in deciding whether claims fall under PUCO's jurisdiction. We disagree.
 {¶ 19} In State ex rel. The Illuminating Co. v. Cuyahoga Cty. Court ofCommon Pleas, The Illuminating Company ("CEI") agreed to provide electric service to Parkbrook Development Corporation ("first owner") at a property in Cleveland, Ohio. In September 1995, All Erection Crane Rental Corporation ("second owner") acquired title to the property. First owner, however, remained in possession of the property. Electricity bills for the property went unpaid. In September 1999, second owner made a $5,000 payment on part of the bills and also sent a letter stating that "as owner of the referenced property [second owner] will accept responsibility for all monies owed to C.E.I. for legitimate electric charges." In July 2000, CEI disconnected the electricity for the property and filed suit in common pleas court.[7]
 {¶ 20} The Ohio Supreme Court determined that virtually all of CEI's claims fell under PUCO's exclusive jurisdiction, except its claims that second owner had assumed guarantor responsibility for payment arrearages in its September 1999 letter. The Court affirmed the trial court's declaring the September letter was a guaranty. However, the Court held that second owner's claims for declaratory judgment that the letter was indefinite and failed for consideration, more properly belonged in common pleas court for determination. The Court explained as follows:
* * * the court of common pleas and Judge Corrigan do not patently and unambiguously lack jurisdiction over [second owner's] claims for declaratory judgment based upon indefiniteness and lack of consideration. These are purely contractual claims that are independent of any claim that CEI violated any provision of R.C. Title 49 or commission regulations. Regarding these claims, the commission has no power to determine rights and liabilities even though a public utility is involved.
Id., at ¶ 32.
 {¶ 21} Unlike State ex rel. The Illuminating Co. v. Cuyahoga Cty.Court of Common Pleas, the case at bar does not involve a third-party contract. In State ex rel. The Illuminating Co., CEI alleged that second owner independently and contractually bound itself to pay first owner's unpaid electric bills. The evidence needed to prove or disprove CEI's claim had nothing to do with PUCO's expertise or any of the administrative regulations it enforces.
 {¶ 22} In the case at bar, plaintiffs' second amended complaint does not contain any factual allegation that would raise the issue of the guaranty described in State ex rel. The Illuminating Co. Accordingly, plaintiffs' reliance on that case is misplaced.
 {¶ 23} In Pacific Indemn. Ins. Co., supra, a property owner filed suit for property damage after CEI had jerry-rigged an electrical service line at her property. This court held that because plaintiff's allegations were "subject to more than one interpretation" the court
* * * cannot say the substance of its claims fall unequivocally within PUCO's exclusive jurisdiction. CEI has failed to present any evidence that jerry-rigging utility service lines is one of its regular "practices." Further, CEI has not shown why the decision to jerry-rig Leedy's service line requires PUCO's administrative expertise.
Plaintiff's claims can be easily characterized as pure tort and contract claims rather than the type of service claims described in R.C. 4905.26. Without additional inquiry into these questions, we conclude that plaintiff's claims are subject to more than one interpretation. Under these circumstances, dismissing plaintiff's complaint under Civ.R. 12 (B)(1) was error.
Id., at ¶ 22 and ¶ 23.
 {¶ 24} Unlike the complaint in Pacific Indemn. Ins. Co., the claims in plaintiffs' second amended complaint in the case at bar are not subject to more than one interpretation. The language of plaintiffs' second-amended complaint singularly and substantively focuses on the disruption of plaintiffs' electrical service on August 14, 2003. Plaintiffs unequivocally specify that the August 14th electrical disruption falls under the "applicable laws and regulations, industry practices and standards, and other requirements of due care." Plaintiffs' second amended complaint, at ¶ 6.
 {¶ 25} Plaintiffs allege that their claims are related to an electrical blackout that affected not only Ohio, but other states as well. The cause of this type of widespread electrical failure comes within the scope of defendants' statutory and regulatory obligations. We conclude that PUCO is best suited to determine and assess any wrongdoing by defendants according to the laws and regulations it routinely construes and applies.
 {¶ 26} Plaintiffs' last argument under this assignment of error is that "a dismissal of their claims would run afoul of the Ohio Constitution's guarantees of separation of powers, a right to a remedy, a right to a jury trial, and equal protection of the law." Plaintiffs' Brief at p. 20.
 {¶ 27} "The question of the constitutionality of every law being first determined by the General Assembly, every presumption is in favor of its constitutionality, and it must clearly appear that the law is in direct conflict with inhibitions of the Constitution before a court will declare it unconstitutional. (State Board of Health v. Greenville [1912],86 Ohio St. 1, followed.)" Ohio Public Interest Action Group v. PublicUtil. Comm. (1975), 43 Ohio St.2d 175, 331 N.E.2d 730, at syllabus.
 {¶ 28} Plaintiffs present four arguments:
Separation of Powers
 {¶ 29} Plaintiffs argue that "[a]n expansion of PUCO's statutory authority into common law torts traditionally regulated by the Courts violates Article IV of the Ohio Constitution." Id. We reject this argument outright, because plaintiffs' do not present pure common-law tort claims. Their claims are directly related to the disruption of their electrical service.
Right to a Remedy
 {¶ 30} Plaintiffs contend that allowing PUCO to determine their claims deprives them of a hearing and damages. We reject this argument in light of R.C. 4905.26, which expressly states that complainants are entitled to notice and a hearing upon reasonable grounds. See, Hocking Val. Ry. v.Public Util. Comm., 92 Ohio St. 9, 110 N.E. 521 (1915). Further, treble damages are available to successful complainants before PUCO. R.C. 4905.61. Finally, should a claimant receive an adverse order from PUCO, an appeal of that decision to the Ohio Supreme Court is also available. R.C. 4903.13;Monongahela Power Co. v. PUC, 2004-Ohio-6896; State ex rel. Coury v. OhioBell Tel. Co., (1961), 172 Ohio St. 309, 175 N.E.2d 511.
Right to a Jury Trial.
 {¶ 31} Plaintiffs further argue that forcing them to submit their claims before PUCO denies them their right to a jury trial. "There is no right to a jury trial, however, unless that right is extended by statute or existed at common law prior to the adoption of our state Constitution." Kneisley v. Lattimer-Stevens Co. (1988), 40 Ohio St.3d 354,356.
 {¶ 32} As observed by defendants, plaintiffs have not shown that there was or is a common law right to a jury trial in a case against a public utility that has allegedly violated its service obligation to the public. Accordingly, we do not agree that plaintiffs have a constitutional right to a jury trial.
Equal Protection
 {¶ 33} Plaintiffs also argue they are being denied equal protection of the law as guaranteed by Article I of the Ohio Constitution. They contend that their fundamental right to separation of powers, right to a remedy, and right to a jury trial are being denied by forcing them to bring their claims under R.C. 4905.26. Because we have already determined that none of the rights listed by plaintiffs has been abridged by R.C. 4905.26, their argument concerning equal protection is moot.
 {¶ 34} For the foregoing reasons, plaintiffs' arguments challenging the constitutionality of the requirement that they submit their claims to PUCO pursuant to R.C. 4905.26 fail.
 {¶ 35} Accordingly, the trial court did not err in granting defendants' motion to dismiss for lack of subject-matter jurisdiction. Plaintiffs' second assignment of error is without merit.
I. The trial judge abused his discretion by denying plaintiffs leave to tender their third amended complaint at an early stage in the proceedings.
 {¶ 36} Plaintiffs argue the trial court erred by not allowing them to file a third amended complaint. Their third amended complaint, plaintiffs contend, included contract and warranty claims, which would have removed it from PUCO's jurisdiction. We disagree.
 {¶ 37} On appeal, a trial court's decision to deny a motion to amend is reviewed under an abuse of discretion standard. Wilmington SteelProducts, Inc. v. Cleve. Elec. Illum. Co. (1991), 60 Ohio St. 3d 120, 122,573 N.E.2d 622. An abuse of discretion connotes more than just an error of law. It exists where the court's attitude, evidenced by its decision, was unreasonable, arbitrary or unconscionable. Slowbe v. Slowbe, Cuyahoga App. No. 83079, 2004-Ohio-2411.
 {¶ 38} "[W]here it is possible that the plaintiff, by amending the complaint, may set forth a claim upon which relief can be granted, the court abuses its discretion in denying the motion to amend." However, it is not an abuse of its discretion to deny a motion to amend a complaint, "when to do so, would be a `vain act.'" Bushman v. Mid-Ohio RegionalPlanning Comm'n, (1995), 107 Ohio App.3d 654, 659-660, 669 N.E.2d 305.
 {¶ 39} As we stated earlier in this opinion, augmenting their claims with different labels and language in their proposed third amended complaint does not provide plaintiffs with a basis for jurisdiction. It is the substance of the claims that matters, not what plaintiffs call them.
 {¶ 40} Like their second amended complaint, the substance of their third amended complaint includes claims about defendants' failure to provide adequate electrical service to them. For example, in Count I, the negligence claim, plaintiffs allege that defendants were obligated "to exercise due care in arranging and providing for electrical services to be continuously and sufficiently furnished to the class." Proposed third amended complaint, ¶ 18. Count II, the breach of contract and warranty section, asserts that defendants "expressly and/or implicitly warranted and agreed to provide the members of the Class with sufficient and uninterrupted power in accordance with their needs." Proposed Third Amended Complaint, ¶ 23. Also as in their second amended complaint, plaintiffs further allege that defendants violated "standard industry practices and their common law duty of care." Proposed Third Amended Complaint at ¶ 6.
 {¶ 41} "`[C]asting the allegations in the complaint to sound in tort or contract is not sufficient to confer jurisdiction upon a trial court" when the basic claim is one that the commission has exclusive jurisdiction to resolve.'" State ex rel. The Illuminating Co., supra, at ¶ 21, citing Higgins v. Columbia Gas of Ohio, Inc. (2000),136 Ohio App.3d 198, 202, 736 N.E.2d 92.
 {¶ 42} On the face of the proposed third amended complaint in the case at bar, we find nothing that would transform plaintiffs' claims into anything other than allegations about the electrical service defendants failed to provide. Again, PUCO and its trained staff is best suited to determine the issues in this case.
 {¶ 43} We conclude, therefore, that the trial court did not err in denying plaintiffs' request to file a third amended complaint insofar as that complaint relates to electrical service problems.
 {¶ 44} Accordingly, plaintiffs' second assignment of error is overruled.
Judgment accordingly.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Calabrese, Jr., J., concur.
[1] The original complaint included PJM Interconnection Company as a party plaintiff. The only named defendant was FirstEnergy Corporation.
[2] This complaint deleted PJM Interconnection Company as a party plaintiff.
[3] In this complaint, plaintiffs added American Transmission Systems as a defendant.
[4] Without attributing any liability to defendants, the parties agree that the August 14th event resulted in an electrical power blackout in parts of Ohio, Michigan, Pennsylvania, New York, and other parts of the United States and Canada.
[5] R.C. 4905.22 states that "every public utility shall furnish necessary and adequate service * * *."
[6] The case appeared before the Court on an application for a Writ of Prohibition.
[7] Second owner had filed a companion case before PUCO in which it asserted many of the same defenses it presented in a counterclaim it asserted in the common pleas court. Second owner withdrew its claims before PUCO after the common pleas court overruled CEI's motion to dismiss AE's counterclaim in the common pleas court. CEI filed a complaint in the Ohio Supreme Court for a writ of prohibition to prevent the common pleas court from exercising jurisdiction over second owner's counterclaim.