N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct. Prac.R. II, Section 2(A)(1).
{¶ 1} Defendant-appellant, Cleveland Electric Illuminating Company ("CEI"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we reverse and remand to the lower court.
 I. {¶ 2} According to the case, this subrogation action was filed by plaintiff-appellee, Allstate Insurance Company ("Allstate"), as subrogee of Margaret Harris and Anna Kaplan, against CEI on February 14, 2005, alleging negligence for a fire that damaged the duplex residences of Harris and Kaplan on July 20, 2003. Both Harris and Kaplan submitted a claim for damages under their respective homeowner's insurance policies. Allstate paid Harris $149,357.34 and paid Kaplan $12,435.13 for damages.
 {¶ 3} On July 20, 2005, CEI filed a motion to dismiss, asserting that the Public Utilities Commission of Ohio (PUCO) possessed exclusive subject matter jurisdiction over Allstate's negligence claim. Allstate filed its memorandum in opposition to CEI's motion to dismiss on August 5, 2005. The trial court denied CEI's motion on August 10, 2005, ruling that it did have subject matter jurisdiction over Allstate's claim. After engaging in written and oral discovery, CEI filed its motion for summary judgment, alleging in part that it owed no duty to affirmatively act in the protection of the Harris and Kaplan properties, and that there is not evidence as to the standard of care or breach thereof to establish it as a proximate cause of the fire.
 {¶ 4} Allstate filed its response and memorandum in opposition to CEI's motion for summary judgment on December 15, 2005. The trial court denied CEI's motion on December 16, 2005. On December 28, 2005, CEI filed a motion for reconsideration of the trial court's denial of its motions to dismiss and for summary judgment, which the trial court denied on December 30, 2005.
 {¶ 5} A final pretrial conference was held on January 4, 2006, and the parties were ordered to file any motions in limine by January 9, 2006. The trial court issued a ruling on the motions in limine on January 12, 2006, including granting Allstate's motion in limine to exclude CEI from presenting evidence that it was not liable because the customer's tree limb fell on the wire, pulling the service mast away from the house. Jury trial began on January 17, 2006.
 {¶ 6} On January 19, 2006, Allstate rested its case in chief and CEI moved for a directed verdict, which the trial court denied. CEI presented its case, concluding on January 20, 2006. After closing arguments, the case was submitted to the jury who returned a verdict on January 20, 2006, finding CEI 100 percent negligent and awarding Allstate the full $161,792.47 in damages. This appeal ensued.
 {¶ 7} According to the facts, on July 20, 2003, Allstate insureds Margaret Harris and Anna Kaplan sustained property damage at their side-by-side duplex residences located at 1500-1502 East 250th Street in Euclid. Sometime between 10:30 a.m. and 11:00 a.m., Harris and her daughter, Lisa Little, walked into the backyard garden and noticed that a large tree limb had fallen from Harris' tree onto the utility wires. The apparent width of the limb caused the electrical service mast to pull away from the house. Little immediately called CEI and spoke to customer service representative Pamela Warford, advising her that a tree limb had fallen on the service wire and that it was ready to snap. Warford categorized the call as a low priority.
 {¶ 8} After several hours passed with no response, Harris again called CEI to make certain that it had the proper address. She remained in the automated system when reporting the accident and was never connected to a customer service representative.
 {¶ 9} At approximately 5:00 p.m., Harris noticed that the problem still had not been repaired. Since the lights on her home were still operative, Harris made another call to CEI. Ten minutes after her call, Harris heard a noise and saw wires sparking on the ground. Realizing that the sparks had set the house on fire, she called 9-1-1. The fire department subsequently arrived and extinguished the blaze.
 II. {¶ 10} First assignment of error: "The trial court erred in failing to dismiss the action for lack of subject matter jurisdiction."
 {¶ 11} Second assignment of error: "The trial court erred in failing to grant summary judgment in favor of CEI."
 {¶ 12} Third assignment of error: "The trial court erred in failing to grant a directed verdict in favor of CEI."
 {¶ 13} Fourth assignment of error: "The trial court erred in prohibiting counsel for CEI from arguing that CEI owed no duty to Allstate's insured to prevent the fire caused by her tree and her equipment."
 {¶ 14} Fifth assignment of error: "The trial court failed to correctly instruct the jury on the lack of duty owed by CEI to Allstate's insureds."
 {¶ 15} Sixth assignment of error: "The trial court erred in precluding CEI's expert, Ralph Dolence, from offering opinion testimony concerning CEI's handling of the trouble calls at issue."
 {¶ 16} Seventh assignment of error: "The trial court erred in admitting damages summary sheets into evidence without any foundation or supporting testimony and preventing CEI's counsel from demonstrating that the documents were not prepared in the ordinary course and not properly authenticated."
 {¶ 17} Eighth assignment of error: "The trial court erred in failing to admit Allstate's insured's insurance application into evidence on the basis that there was testimony on that document." I
 II. {¶ 18} Appellant argues in its first assignment of error that the lower court erred in failing to dismiss the action for lack of subject matter jurisdiction.
 {¶ 19} PUCO has jurisdiction to adjudicate utility customer complaints related to rates or services of the utility. The Supreme Court of Ohio has determined that when a claim is related to service, as defined by R.C. 4905.26, the Commission has exclusive jurisdiction. Section 4905.26
is the statute authorizing and explaining the procedure for filing service complaints. Miles Mgmt. Corp. v. FirstEnergy Corp., Cuyahoga App. No. 84197, 2005-Ohio-1496.
 {¶ 20} There are, however, exceptions to PUCO'S exclusive jurisdiction over utility complaints. Contract and pure common-law tort claims may be brought in a court of common pleas, rather than submitted to PUCO.State ex rel. Illuminating Co. v. Cuyahoga Cty. Court of CommonPleas, 97 Ohio St.3d 69, 2002-Ohio-5312, 776 N.E.2d 92.
 {¶ 21} Nonetheless, "claims [that] are manifestly service-related complaints * * * are within the exclusive jurisdiction of the commission."State ex rel. Columbia Gas of Ohio, Inc. v. Henson, 102 Ohio St.3d 349,2004-Ohio-3208, at p. 20, 810 N.E.2d 953, citing Milligan v. Ohio BellTel. Co. (1978), 56 Ohio St.2d 191, 383 N.E.2d 575, ("a court of common pleas is without jurisdiction to hear a claim alleging that a utility has violated R.C. 4905.22[1] by * * * wrongfully terminating service, since such matter [is] within the exclusive jurisdiction of the Public Utilities Commission"), paragraph two of the syllabus. Quality of service complaints are under PUCO's jurisdiction. Id., citingTongren v. D L Gas Marketing, Ltd., 149 Ohio App.3d 508,2002-Ohio-5006, 778 N.E.2d 76, p. 20; Ippolito v. First EnergyCorporation, Cuyahoga App. No. 84267, 2004-Ohio-5876.
 {¶ 22} In the case at bar, we must determine whether plaintiff's claims are common-law tort claims or whether they primarily relate to service. We review the substance of the claims rather than plaintiff's assertions that they are tort claims. See Milligan v. Ohio BellTelephone Co. (1978), 56 Ohio St.2d 191, 383 N.E.2d 575.
 {¶ 23} Following the Ohio Supreme Court and other state appellate courts, this court has repeatedly held that tort claims alleging disruption in service or the adequacy of utility service fall under the exclusive jurisdiction of PUCO. Pac. Indem. Ins. Co. v. IlluminatingCo., Cuyahoga App. No. 82074, 2003-Ohio-3954; Lawko v. AmeritechCorp. (Dec. 7, 2000), Cuyahoga App. No. 78103, (negligence claim alleging inadequate telephone service and failure to remedy the telephone service "are clearly service-oriented" and, therefore, "the exclusive jurisdiction for disposition of such claims lies with the PUCO"); Assad v. Cleveland Elec. Illuminating Co. (May 19, 1994), Cuyahoga App. No. 65532; Ohio Graphco v. Ohio Bell Tel. Co. (May 12, 1994), Cuyahoga App. No. 65466; Pacific Chemical Products Co. v.Teletronics Services, Inc. (1985), 29 Ohio App.3d 45, 29 Ohio B. 47,502 N.E.2d 669; State Farm Fire Cas. Co. v. Cleveland Elec. IlluminatingCo., Lake App. No. 2003-L-032, 2004-Ohio-3506, (plaintiff's negligent inspection claim was primarily related to service); Suleiman v. OhioEdison Co., 146 Ohio App.3d 41, 2001-Ohio-3414, 764 N.E.2d 1098, (negligence claim for defendant's replacement of an electrical meter relates to service and is within the exclusive jurisdiction of PUCO);Cochran v. Ameritech Corp. (July 26, 2000), Summit App. No. 19832, (tort and civil rights claims related to telephone company's discontinuation of plaintiff's service and, therefore, fell under PUCO); Heiner v.Cleveland Elec. Illuminating Co. (Aug. 9, 1996), Geauga App. No. 95-G-1948, (power surge was service related); Farra v. Dayton (1989),62 Ohio App.3d 487, 576 N.E.2d 807, (claim brought as negligence concerning removal of electric and gas meters is service related).
 {¶ 24} The case at bar involves a tort claim concerning the adequacy of utility service to Harris' and Kaplan's duplex. Specifically, it is expected and required that CEI respond to customer service inquires concerning emergency situations in an adequate and expedient manner. Clearly, CEI failed to provide adequate utility service in this case. If CEI's customer service department would have responded adequately to repeated customer warnings, the resulting fire in this case could have been avoided all together. Accordingly, we find that Ohio law, as well as the evidence in the record, mandates that this case falls under the exclusive jurisdiction of the PUCO.
 {¶ 25} Appellant's first assignment of error is sustained.
 {¶ 26} Based on the disposition of appellant's first assignment of error, we find appellant's remaining assignments of error to be moot. This case is to be remanded to the lower court with instructions to dismiss for lack of subject matter jurisdiction. Proper venue for this case is with the PUCO.
It is ordered that appellant recover from appellee costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, J., CONCURS;
MARY EILEEN KILBANE, J., DISSENTS WITH SEPARATE OPINION
[1] R.C. 4905.22 states that "every public utility shall furnish necessary and adequate service * * *."