OPINION
{¶ 1} State Farm Fire Casualty Co. ("State Farm") appeals the January 24, 2003 judgment entry of the Lake County Court of Common Pleas granting Cleveland Electric Illuminating Company's ("CEI") motion to dismiss for lack of jurisdiction. For the reasons set forth below, we affirm the decision of the trial court in this matter.
 {¶ 2} On April 4, 1999, a fire occurred at the residence of Curtis Petersen ("Petersen"). State Farm was the insurer of Petersen's residence. On March 2, 2002, State Farm filed an insurance subrogation action against CEI[1] claiming that the "fire and resulting damage were the direct and proximate result of the negligence of [CEI]."
 {¶ 3} Subsequent discovery, via deposition testimony of Barbara Larkin, a State Farm claims representative, revealed that the basis of State Farm's negligence claim was the meter base affixed to the residence. Thus, it was State Farm's contention that CEI negligently inspected the meter, resulting in the fire.
 {¶ 4} On November 12, 2002, CEI filed a motion to dismiss for lack of subject matter jurisdiction. On January 23, 2003, the trial court found that this matter was in the exclusive jurisdiction of the Public Utilities Commission of Ohio ("PUCO") and, therefore, the trial court granted CEI's motion to dismiss for lack of jurisdiction.
 {¶ 5} State Farm timely appealed and raised the following assignment of error:
 {¶ 6} "The trial court erred to the prejudice of plaintiff-appellant in granting the defendant-appellee's motion to dismiss."
 {¶ 7} In its sole assignment of error, State Farm argues that a court of common pleas retains jurisdiction over common law tort claims against a public utility. Thus, State Farm claims that its negligence claim properly was before the Lake County Court of Common Pleas. State Farm further asserts that the trial court's dismissal of the complaint denies State Farm access to the courts in violation of the Ohio Constitution.
 {¶ 8} The standard of review regarding a claimed lack of subject matter jurisdiction "is whether any cause of action cognizable by the forum has been raised in the complaint." State ex rel. Bush v. Spurlock
(1989), 42 Ohio St.3d 77, 80 (citations omitted). When determining its subject matter jurisdiction, "the trial court is not confined to the allegations of the complaint." Southgate Dev. Corp. v. Columbia GasTransm. Corp. (1976), 48 Ohio St.2d 211, paragraph one of the syllabus. The trial court can consider material beyond the complaint "without converting the motion into one for summary judgment." Id.
 {¶ 9} The PUCO has exclusive jurisdiction over service and rate complaints, see State ex rel. N. Ohio Tel. Co. v. Winter (1970),23 Ohio St.2d 6, paragraph one of the syllabus, "effectively denying to all Ohio courts (except [the Supreme Court of Ohio]) any jurisdiction over such matters." State ex rel. Cleveland Elec. Illuminating Co. v.Cuyahoga Cty. Court of Common Pleas, 88 Ohio St.3d 447, 450,2000-Ohio-379. The PUCO, however, is not a court and, therefore, it does not have the "power to judicially ascertain and determine legal rights and liabilities." State ex rel. Ohio Power Co. v. Harnishfeger (1980),64 Ohio St.2d 9, 10, citing New Bremen v. Pub. Util. Comm. (1921),103 Ohio St. 23, 30-31. Thus, courts "retain limited subject-matter jurisdiction over pure common-law tort and certain contract actions involving utilities regulated by the commission." State ex rel.Illuminating Co. v. Cuyahoga Cty. Court of Common Pleas, 97 Ohio St.3d 69,2002-Ohio-5312, at ¶ 20 (citations omitted).
 {¶ 10} We must, therefore, determine whether State Farm's claim is a pure common-law tort or whether it primarily relates to service. See id. at ¶ 21. In doing so, "we must review the substance of the claim rather than mere allegations that the claims sound in tort." Id. (citation omitted). Moreover, since review and determination of PUCO's provisions "is best accomplished by the commission with its expert staff technicians familiar with the utility commission provisions," Kazmaier Supermarket,Inc. v. Toledo Edison Co. (1991), 61 Ohio St.3d 147, 153, we must determine whether a review of the claim requires an interpretation of tariffs filed with and approved by PUCO or of PUCO's own provisions. Id. at 154.
 {¶ 11} In this case, State Farm's negligence complaint alleges that CEI negligently inspected the meter base affixed to Petersen's residence. In essence, State Farm alleges that the service provided by CEI in inspecting the meter was negligently performed. Thus, although sounding in tort, State Farm's claim primarily relates to service. SeeSuleiman v. Ohio Edison Co., 146 Ohio App.3d 41, 46, 2001-Ohio-3414 (a negligence claim regarding the defendant's replacement of an electrical meter "affect[s] or relat[es] to service" and, thus, "falls within the exclusive jurisdiction of PUCO"); Lawko v. Ameritech Corp. (Dec. 7, 2000), 8th Dist. No. 78103, 2000 Ohio App. LEXIS 5687, at *7-*8 (a negligence claim alleging inadequate telephone service and failure to remedy the telephone service "are clearly service-oriented" and, therefore, "the exclusive jurisdiction for disposition of such claims lies with the PUCO"); Farra v. Dayton (1989), 62 Ohio App.3d 487, 493-494
(a claim regarding the removal of electric and gas meters, "in essence, sought damages for acts affecting and relating to service" and, thus, is within the exclusive jurisdiction of PUCO).
 {¶ 12} Moreover, State Farm's claim rests on a determination of the respective rights and responsibilities of CEI and Petersen regarding the meter. This clearly would necessitate an extensive interpretation of CEI's service tariff, PUCO No. 13, Regulation XI, which provides:
 {¶ 13} "The customer shall supply all wiring on the customer's side of the point of attachment as designated by the Company. All of the customer's wiring and electrical equipment should be installed so as to provide not only for immediate needs but for reasonable future requirements and shall be installed and maintained by the customer to at least meet the provisions of the National Electrical Code, the regulations of the governmental authorities having jurisdiction and the reasonable requirements of the Company. As required by the Ohio Administrative Code, all new installations shall be inspected and approved by the local inspection authority or, where there is not local inspection authority, by a licensed electrician, before the Company connects its service. Changes in wiring on the customer's premises shall also be inspected and approved by the local inspection authority or, where there is no local inspection authority, by a licensed electrician."
 {¶ 14} The determination of liability would also necessitate an interpretation of Ohio Adm. Code 4901:1-10-01 et seq. regarding the "Electrical Service and Safety Standards" of the meter's installation, inspection and maintenance. Since State Farm's claim requires an interpretation of CEI's tariffs, as well as Ohio Adm. Code 4901:1-10-01
et seq., it is best accomplished by PUCO and its expert technicians who are familiar with these provisions. Kazmaier, 61 Ohio St.3d at 153. Thus, this is a matter within the exclusive jurisdiction of PUCO and "review by any other court other than the Supreme Court would amount to usurpation of authority." Hiener v. Cleveland Elec. Illuminating Co.
(Aug. 9, 1996), 11th Dist. No. 95-G-1948, 1996 Ohio App. LEXIS 3358, at *4-*5; see, also, Illuminating Co., 2002-Ohio-5312, at ¶¶ 25-31 (an interpretation of Ohio Adm. Code 4901:1-10-24 is within the exclusive jurisdiction of PUCO); Kazmaier, 61 Ohio St.3d at 154 ("determin[ing] the mutual rights and responsibilities of the parties" regarding the defendant's tariffs is a matter within the exclusive jurisdiction of PUCO).[2]
 {¶ 15} Although State Farm challenges the constitutionality of R.C. 4905 et seq., as applied to it, State Farm failed to raise this constitutional challenge in the court below. "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application * * * constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." State v. Awan (1986), 22 Ohio St.3d 120, syllabus. Thus, we will not consider State Farm's constitutional challenge to R.C. 4905 et seq.
 {¶ 16} For the foregoing reasons, we find that this matter is within the exclusive jurisdiction of the PUCO. Thus, we hold that State Farm's sole assignment of error is without merit. The decision of the Lake County Court of Common Pleas is affirmed.
Rice, J., concurs.
O'Neill, J., dissents with a Dissenting Opinion.
[1] The complaint also named First Energy Corporation as a defendant, but State Farm eventually dismissed its claims against First Energy.
[2] The dissent cites to Gayheart v. Dayton Power Light Co. (1994),98 Ohio App.3d 220, 229, in support of its position that State Farms' claim does not fall within the exclusive jurisdiction of PUCO. Gayheart
is factually distinctive. In Gayheart, the court specifically found that the claim did not require an interpretation of any tariffs or Ohio Admin. Code 4901:1-10-01 et seq., id., while State Farms' claim in this case does require such an interpretation. Moreover, in Gayheart, a power surge was the claimed act of negligence. "In fact, the crucial question presented * * * involved deciding which of two possible causes of the fire occurred — the power surge or faulty wiring — not deciding whether any `service' rendered * * * was unreasonable." Id. (emphasis added). In this case, State Farms' claim alleges that the service rendered by CEI in inspecting the meter base was negligently performed, a claim that clearly primarily relates to service.