AYERS–STERRETT, INC., Appellee,

v.

AMERICAN TELECOMMUNICATIONS SYSTEMS, INC., Appellant.

[Cite as Ayers–Sterrett, Inc. v. Am. Telecommunications
Sys., Inc., 162 Ohio App.3d 285, 2005-Ohio-3606.]

Court of Appeals of Ohio,
Third District, Van Wert County.

Decided July 18, 2005.

286

Scott Gordon, for appellee.

Mario Gaitanos, for appellant.

ROGERS, Judge.

{¶ 1} Defendant-appellant, American Telecommunications Systems, Inc. ("ATS"), appeals from a judgment of the Van Wert Municipal Court, finding that ATS fraudulently executed a change in the long-distance telephone service provider for plaintiff-appellee, Ayers–Sterrett, Inc. ("Ayers–Sterrett"). ATS contends that the trial court lacked jurisdiction to make the finding.

{¶ 2} After reviewing the entire record, we find that Ayers–Sterrett's claims against ATS are manifestly service-related and that the trial court did not have jurisdiction over them. Accordingly, the judgment of the trial court is reversed, and the cause is remanded with instructions for the lower court to vacate its judgment entry and dismiss the action.

{¶ 3} Ayers–Sterrett is a plumbing and heating contractor located in Van Wert, Ohio. ATS is an Ohio corporation engaged in the business of providing long-distance telephone service. In April 2001, Ayers–Sterrett's administrative manager, Sandra Matthews, received a call from a telemarketer, inquiring whether Ayers–Sterrett wanted to switch long-distance-service providers. The telemarketer made the call on behalf of ATS.

{¶ 4} Following the call from the telemarketer, Ayers–Sterrett's long-distance-service provider was switched from Quantumlink Communications ("Quantumlink") to ATS. Ayers–Sterrett maintains that this switch was made without its knowledge and through the fraudulent actions of ATS. In contrast, ATS claims that Matthews authorized the switch and that ATS followed the proper rules and regulations necessary to make the switch.

{¶ 5} Eventually, Ayers–Sterrett brought suit against ATS in the Van Wert municipal court, claiming that ATS had tortiously interfered with the long-distance-service contract between Ayers–Sterrett and Quantumlink. Ayers–Sterrett also contended that ATS had made the switch in long-distance-service providers through fraudulent actions and false representations.

{¶ 6} The issue went to trial, and ATS moved to dismiss the case based upon the contention that the trial court did not have subject-matter jurisdiction. ATS argued that Ayers–Sterrett's claims were service-related and that the Public Utilities Commission of Ohio ("PUCO") had exclusive jurisdiction over service-related claims. The trial court rejected ATS's jurisdictional argument and found that ATS had received an unjust benefit due to misrepresentations it made to Ayers–Sterrett. Accordingly, the trial court found in favor of Ayers–Sterrett in the amount of $2,332.60. From this judgment ATS appeals, presenting the following assignments of error for our review.

### Assignment of Error I

The trial court erred in not granting Appellant's motion to dismiss on the erroneous grounds that the claims asserted are not subject to the exclusive jurisdiction of PUCO.

### Assignment of Error II

The trial court erred in holding in its judgment entry that it had subject matter jurisdiction to hear Appellee's claims rather than defer to the exclusive jurisdiction of PUCO.

### Assignment of Error III

The trial court erred in holding that Appellant misrepresented the benefits to be provided to Appellee and that Appellant received an unjust benefit from its misrepresentation, since there is a verbal letter of agency by way of an independent third-party verification company confirming the transfer of Appellee's long distance telephone service to Appellant–ATS, by a person with expressed and/or implied authority.

{¶ 7} Because ATS's first and second assignments of error deal with the jurisdictional issue, we elect to address them together.

### *Assignments of Error I & II*

{¶ 8} In its first two assignments of error, ATS maintains that the trial court did not have jurisdiction over Ayers–Sterrett's claims. ATS contends that Ayers–Sterrett's claims are service-related and that PUCO has exclusive jurisdiction to hear them.

{¶ 9} The General Assembly enacted R.C. 4901.01 et seq. to regulate the business activities of public utilities and created PUCO to administer and enforce these provisions. *Kazmaier Supermarket v. Toledo Edison Co.* (1991), 61 Ohio St.3d 147, 150, 573 N.E.2d 655. Because of the comprehensive nature of this statutory scheme, "[t]he commission has exclusive jurisdiction over various

matters involving public utilities, such as rates and charges, classifications, and service, effectively denying to all Ohio courts (except the Supreme Court) any jurisdiction over such matters." *State ex rel. Columbia Gas of Ohio v. Henson,* 102 Ohio St.3d 349, 2004-Ohio-3208, 810 N.E.2d 953, at ¶ 16, quoting *State ex rel. Cleveland Elec. Illum. Co. v. Cuyahoga Cty. Court of Common Pleas* (2000), 88 Ohio St.3d 447, 450, 727 N.E.2d 900. R.C. 4905.26 specifically confers exclusive jurisdiction upon PUCO to determine whether any service provided by a public utility is in any respect unjust, unreasonable, or in violation of the law. *Columbia Gas* at ¶ 16.

{¶ 10} "As the parties acknowledge, however, courts retain limited subject-matter jurisdiction over pure common-law tort and certain contract actions involving utilities regulated by the commission." *State ex rel. Illum. Co. v. Cuyahoga Cty. Court of Common Pleas,* 97 Ohio St.3d 69, 2002-Ohio-5312, 776 N.E.2d 92, at ¶ 20; *Pacific Indemn. Ins. Co. v. Illum. Co.,* 8th Dist. No. 82074, 2003-Ohio-3954, 2003 WL 21710787, at ¶ 11; *State Farm Fire & Cas. Co. v. Cleveland Elec. Illum. Co.,* 11th Dist. No. 2003–L–032, 2004-Ohio-3506, 2004 WL 1486664, at ¶ 9; *Suleiman v. Ohio Edison Co.* (2001), 146 Ohio App.3d 41, 45, 764 N.E.2d 1098. But the mere fact that the claims against the utility are couched in tort or contract terms is insufficient to confer jurisdiction upon a common pleas court. *Columbia Gas,* 102 Ohio St.3d 349, 2004-Ohio-3208, 810 N.E.2d 953, at ¶ 19. Instead, courts must look beyond the language used in the complaint and examine the underlying nature of the claims. Id. at ¶ 20. Those claims that are "manifestly service-related complaints" are within the exclusive jurisdiction of PUCO. Id.

{¶ 11} Therefore, in order to resolve the issue of whether the trial court had subject-matter jurisdiction over Ayers–Sterrett's claims, this court must analyze the claims and determine whether they are manifestly service-related or whether they involve pure contract or common-law tort allegations.

{¶ 12} Courts have taken a two-step approach to determining whether a cause of action is manifestly service-related and belongs under PUCO's exclusive jurisdiction. *Pacific Indemn.,* 2003-Ohio-3954, at ¶ 15. The first step is to determine whether PUCO's administrative expertise is required to resolve the dispute. Id. "[T]he determination of issues related to 'applicable laws and regulations, industry practices and standards,' ' "is best accomplished by the commission with its expert staff technicians familiar with the utility commission provisions." ' " *Miles Mgt. Corp. v. FirstEnergy Corp.,* 8th Dist. No. 84197, 2005-Ohio-1496, 2005 WL 730095, at ¶ 17, quoting the complaint and *Gayheart v. Dayton Power & Light Co.* (1994), 98 Ohio App.3d 220, 228, 648 N.E.2d 72, quoting *Kazmaier,* 61 Ohio St.3d at 153, 573 N.E.2d 655. The second step is to determine whether the act complained of constitutes a practice normally engaged

in by the utility. *Pacific Indemn.*, 2003-Ohio-3954, at ¶ 15. "If the answer to either question is in the negative, courts routinely find that those claims fall outside of PUCO's exclusive jurisdiction." Id.

{¶ 13} Ayers–Sterrett's complaint involves two allegations. The first allegation is that ATS tortiously interfered with the contract between Ayers–Sterrett and Quantumlink. The second allegation is that ATS fraudulently induced Quantumlink to transfer Ayers–Sterrett's long-distance service to ATS. Essentially, both claims involve the allegedly fraudulent transfer of Ayers–Sterrett's long-distance telephone service from Quantumlink to ATS.

{¶ 14} Ohio Adm.Code 4901:1–5–01(ZZ) defines "slamming" as a change in a subscriber's carrier of local, intraLATA-toll, or interLATA-toll telecommunications service without the subscriber's authorization. Moreover, R.C. 4905.72(B)(1) provides:

No public utility shall request or submit, or cause to be requested or submitted, a change in the provider of natural gas service or public telecommunications service to a consumer in this state, without first obtaining, or causing to be obtained, the verified consent of the consumer in accordance with rules adopted by the public utilities commission pursuant to division (D) of this section.

Similarly, Ohio Adm.Code 4901:1–5–08(A) prohibits a telecommunications provider from executing a change on behalf of a subscriber without the subscriber's authorization and verification of that authorization in accordance with procedures established by the Federal Communications Commission.

{¶ 15} It is clear from the above that the unauthorized switching of a subscriber's telecommunications service has been contemplated and addressed thoroughly in the statutes and regulations pertaining to PUCO. Thus, PUCO's expertise would be required to fully resolve the matter, and the first prong of the test to determine whether the matter is manifestly service-related is satisfied.

{¶ 16} The testimony at trial established that it is a common practice for telecommunications companies to solicit and transfer new long-distance customers over the phone. This is also evident from the fact that a detailed procedure for handling such transfers and disputes has been created in the administrative code. Accordingly, the second prong of the test to determine whether the matter is manifestly service-related is also satisfied.

{¶ 17} Because the nature of Ayers–Sterrett's claims against ATS requires PUCO's expertise and involves a common practice of utilities, the claims are manifestly service-related. Both claims are based on the manner in which ATS began providing *service* to Ayers–Sterrett. Therefore, PUCO has exclusive

jurisdiction over these claims, and the trial court lacked the authority to rule on them. ATS's first and second assignments of error are sustained.

### Assignment of Error III

{¶ 18} In its third assignment of error, ATS asserts that the trial court erred in finding that it had fraudulently received an unjust benefit. However, because we have already found that the trial court was without jurisdiction, the third assignment of error has been rendered moot and will not be addressed by this court. See App.R. 12(A)(1)(c).

{¶ 19} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand with instructions for the lower court to vacate its judgment entry and dismiss the action.

Judgment reversed
and cause remanded.

CUPP, P.J., and BRYANT, J., concur.