OPINION *Page 2 
{¶ 1} Plaintiffs-appellants Raymond and Maria DeLost appeal the decision of the Mahoning County Common Pleas Court dismissing their complaint against defendant-appellee Ohio Edison Company for lack of subject matter jurisdiction. The issue in this appeal is whether the trial court lacks subject matter jurisdiction over a complaint seeking injunctive relief to prevent Ohio Edison from cutting down trees that are on the DeLosts' property but are within the easement owned by Ohio Edison. Or, in other words, does that sort of action fall within the exclusive jurisdiction of the Public Utility Commission of Ohio (PUCO)? For the reasons expressed below, we find that the PUCO has exclusive jurisdiction over this issue. Thus, the judgment of the trial court is hereby affirmed.
 STATEMENT OF FACTS AND CASE {¶ 2} The DeLosts own real property located at 130 and 140 Lakeshore Drive in Struthers, Mahoning County, Ohio. Ohio Edison owns a transmission easement over that property. The DeLosts previously planted white pines and vegetation within the easement. Ohio Edison contacted the DeLosts and informed them that it was going to cut down the white pines and vegetation located within the easement.
 {¶ 3} On May 8, 2006, the DeLosts filed a complaint seeking a preliminary and permanent injunction to prevent Ohio Edison from cutting down the white pine trees and other vegetation. On that same day, they also filed a motion for a temporary restraining order.
 {¶ 4} In response, Ohio Edison filed a motion to dismiss for lack of subject matter jurisdiction. It asserted that the management of vegetation is manifestly service related and, as such, falls within the exclusive jurisdiction of the PUCO.
 {¶ 5} The DeLosts then filed a motion in opposition to the motion to dismiss. They asserted that the matter did not fall within the exclusive jurisdiction of the PUCO because the claims were pure contract claims. They argued that the case deals with the scope of the easement and whether it permits the removal of the trees and vegetation.
 {¶ 6} On August 23, 2006, the magistrate granted the motion to dismiss. It found that the easement granted Ohio Edison the right to ingress and egress for purposes of maintaining the power lines. It also found that the complaint does not *Page 3 
involve a dispute over whether an easement exists or if the easement is flawed in scope. It then stated:
 {¶ 7} "[T]he Court finds that R.C. 4905.26 specifically confers exclusive jurisdiction upon the PUCO to determine whether any service provided by a public utility is in any respect unjust, unreasonable or in violation of the law. Therefore, the Defendant's motion should be granted on the basis that this Court lacks jurisdiction." 08/23/06 Magistrate's Decision.
 {¶ 8} In finding as such, it used the two-step analysis inAyers-Sterrett, Inc. v. American Telecommunications Systems, Inc.
(2005), 162 Ohio App.3d 285, 288-290. The DeLosts filed objections to the decision. On November 9, 2006, the trial court sustained the objections. It stated:
 {¶ 9} "In the current matter, the parties are disputing the rights and privileges conveyed in an easement. Easements are, by definition, `a right of use over the property of another.' Black's Law Dictionary, Sixth Edition. This Court has jurisdiction over property disputes." 11/09/06 J.E.
 {¶ 10} The case then proceeded with discovery. There were some discovery disputes; Ohio Edison filed a motion for a protective order and the DeLosts filed a motion to compel. The magistrate heard arguments on both motions and then issued an order for Ohio Edison to comply with discovery and it also denied Ohio Edison's request for a protective order. 07/05/07 Magistrate's Decision. Ohio Edison filed objections to that ruling. The common pleas court overruled the objections and instructed Ohio Edison to comply with discovery. 08/29/07 J.E.
 {¶ 11} Instead of complying with discovery, Ohio Edison filed an appeal in our court from the discovery order. 09/27/07 Case No. 07MA171. On the same day the appeal was filed, it also filed a motion for a writ of prohibition with our court. Case No. 07MA179. The appeal, 07MA171, from the discovery order was dismissed sua sponte due to lack of a final appealable order. 10/15/07 Opinion and Journal Entry. As to the writ, 07MA179, we issued an Alternative Writ. We granted the trial court "twenty-eight (28) days to grant the relief requested or show cause why a permanent writ should not be issued." 10/11/07 J.E.
 {¶ 12} On October 18, 2007, the trial court vacated its earlier decision that found that it had jurisdiction to hear the complaint. It then found that it lacked subject *Page 4 
matter jurisdiction to hear the complaint and held that the jurisdiction for the complaint lies exclusively with the PUCO.
 {¶ 13} On October 26, 2007, the DeLosts filed a timely appeal from that decision, this appeal, Case No. 07MA194. They also filed a motion to stay the temporary injunction during the pendency of the appeal. The trial court found the motion well taken and issued a stay. 10/26/07 J.E.
 {¶ 14} Due to the issuance of the stay, on October 31, 2007, Ohio Edison supplemented its prohibition action, Case No. 07MA170, expressing concern that the trial court was exercising jurisdiction in the underlying action notwithstanding its subject matter jurisdiction dismissal. On November 1, 2007, Ohio Edison filed a cross-appeal in this appeal 07MA194.
 {¶ 15} On November 9, 2007, in the prohibition action, 07MA170, this court found that the trial court's October 26, 2007 stay order did not in fact stay its October 18, 2007 dismissal entry. In response, in this appeal, 07MA194, the DeLosts filed a motion to stay the trial court's dismissal. On December 12, 2007, this court stayed the trial court's dismissal order and reinstated the temporary restraining order. 12/12/07J.E.
 ASSIGNMENT OF ERROR {¶ 16} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT THE PUBLIC UTILITIES COMMISSION OF OHIO, A STATE AGENCY, HAS SUBJECT MATTER JURISDICTION OVER A REAL PROPERTY CONTRACT DISPUTE BETWEEN A PUBLIC UTILITY AND A PRIVATE LANDOWNER."
 {¶ 17} Ohio Edison filed a Civ. R. 12(B)(1) motion to dismiss that was eventually granted by the trial court. The standard to apply to grant a motion to dismiss pursuant to Civ. R. 12(B)(1) is "whether any cause of action cognizable by the forum has been raised in the complaint."State ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77, 80. It is a de novo standard of review. Shockey v. Fouty (1995), 106 Ohio App.3d 420,424. "In determining whether the plaintiff has alleged a cause of action sufficient to withstand a Civ. R. 12(B)(1) motion to dismiss, a court is not confined to the allegations of the complaint and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment." Id. at 424, citing Southgate DevelopmentCorp. v. Columbia Gas Transmission Corp. (1976), 48 Ohio St.2d 211, paragraph one of the syllabus. *Page 5 
 {¶ 18} Ohio Edison maintains that the trial court's decision is correct. It contends that the right to control vegetation within its easement is manifestly service related and, as such, the PUCO has exclusive jurisdiction. The DeLosts, on the other hand, claim this is a pure contract interpretation; the rights of the respective parties are dictated by the language of the easement.
 {¶ 19} The General Assembly enacted R.C. Title 49, a broad and comprehensive statutory scheme, to regulate the business activities of public utilities and created the PUCO to administer and enforce those provisions. Kazmaier Supermarket, Inc. v. Toledo Edison Co. (1991),61 Ohio St.3d 147, 150-151. "The jurisdiction specifically conferred by statute upon the Public Utilities Commission over public utilities of the state * * * is so complete, comprehensive and adequate as to warrant the conclusion that it is likewise exclusive." State ex rel. NorthernOhio Tel. Co. v. Winter (1970), 23 Ohio St.2d 6, 9, quoting State exrel. Ohio Bell Tel. Co. v. Common Pleas Court of Cuyahoga Cty. (1934),128 Ohio St. 553, 557. See, also, State ex rel. The Illuminating Co. v.Cuyahoga Cty. Court of Common Pleas, 97 Ohio St.3d 69, 2002-Ohio-5312, ¶ 19;Kazmaier, 61 Ohio St.3d at 152.
 {¶ 20} Therefore, "[t]he commission has exclusive jurisdiction over various matters involving public utilities, such as rates and charges, classifications, and service, effectively denying to all Ohio courts (except this court) any jurisdiction over such matters." State ex rel.The Illum. Co., 97 Ohio St.3d 69, 2002-Ohio-5312, ¶ 18, quotingState ex rel. Cleveland Elec. Illum. Co. v. Cuyahoga Cty. Court ofCommon Pleas (2000), 88 Ohio St.3d 447, 450. The common pleas courts "retain limited subject-matter jurisdiction over pure common-law tort and certain contract actions involving utilities regulated by the commission." State ex rel. The Illuminating Co., 97 Ohio St.3d 69,2002-Ohio-5312, ¶ 20, citing State ex rel. Ohio Edison Co. v.Parrott (1995), 73 Ohio St.3d 705, 708. See, also, Kazmaier,61 Ohio St.3d at 152; Ayers-Sterrett, Inc. v. Am. Telecommunications Sys.,Inc., 162 Ohio App.3d 285, 2005-Ohio-3606, ¶ 10; State Farm Fire Cas.Co. v. Cleveland Elec. Illuminating Co., 11th Dist. No. 2003-L-032,2004-Ohio-3506, ¶ 9; Pacific Indem. Ins. Co. v. Illuminating Co., 8th Dist. No. 82074, 2003-Ohio-3954, ¶ 11; Suleiman v. Ohio Edison Co.,146 Ohio App.3d 41, 45, 2001-Ohio-3414.
 {¶ 21} Thus, we must determine whether the claims raised are pure contract claims and do not require a consideration of statutes and regulations administered and *Page 6 
enforced by the commission. State ex rel. The Illuminating Co.,97 Ohio St.3d 69, 2002-Ohio-5312, ¶ 21. In making this determination, we review the substance of the claims rather than mere allegations that the claims sound in tort or contract. Kazmaier, 61 Ohio St.3d at 154. As this court has previously explained, "[c]asting the allegations in the complaint to sound in tort or contract is not sufficient to confer jurisdiction upon a trial court when the basic claim is one relating to service, a claim which only the PUCO has jurisdiction to resolve." Higgins v. ColumbiaGas of Ohio, Inc. (2000), 136 Ohio App.3d 198, 202. See, also, State exrel. Columbia Gas of Ohio, Inc. v. Henson, 102 Ohio St.3d 349,2004-Ohio-3208, ¶ 19. Claims that are "manifestly service-related complaints" are within the exclusive jurisdiction of the PUCO. Id.
 {¶ 22} The Ohio Supreme Court has previously listed several tort and contract cases in which the PUCO does not have jurisdiction:
 {¶ 23} "Other courts retain limited subject matter jurisdiction over tort and some contract claims involving utilities regulated by the commission. See, e.g., Kazmaier Supermarket, Inc. v. Toledo EdisonCo., supra, 61 Ohio St.3d at 154 (pure common-law tort claims may be brought in common pleas court); Kohli v. Pub. Util. Comm. (1985),18 Ohio St.3d 12 (failure to warn landowners of dangers regarding voltage actionable in common pleas court); Milligan v. Ohio Bell Tel. Co.
(1978), 56 Ohio St.2d 191, paragraph three of the syllabus (invasion of privacy actionable in common pleas court); Marketing Research Serv.,Inc. v. Pub. Util. Comm. (1987), 34 Ohio St.3d 52 (commission has no jurisdiction to resolve breach of contract dispute concerning provision of interstate telecommunications service). But, see, Gallo Displays,Inc. v. Cleveland Pub. Power (1992), 84 Ohio App.3d 688 (common-law nuisance claim against utility not actionable in common pleas court)."Parrott (1995), 73 Ohio St.3d at 708.
 {¶ 24} Considering all the above law espoused by the Ohio Supreme Court concerning when the jurisdiction of the PUCO is invoked as compared to when the common pleas court's jurisdiction is invoked, we now turn to the analysis of whether an action seeking to stop a utility company from cutting down trees within an easement that it owns is actionable exclusively with the PUCO or involves a pure contract claim that invokes the jurisdiction of the common pleas court.
 {¶ 25} The DeLosts argue that this case deals solely with the interpretation of that easement, i.e. pure contract. They rely on two cases to support that conclusion, *Page 7 Beaumont v. First Energy Corp, 11th Dist. No. 2004-G-2573,2004-Ohio-5295 and Corrigan v. Illuminating Co., 8th Dist. No. 89402,2008-Ohio-684.
 {¶ 26} Beaumont concerned the extent of the utility company's authority under certain easements to completely remove trees and other vegetation. The property owners at the trial court level sought a declaratory judgment as to their rights under the easements. They also sought a preliminary and permanent injunction. After an evidentiary hearing, the trial court determined that the utility company had the right to cut down the trees within the easement. That decision was appealed to the Eleventh District Court of Appeals. The appellate court went through the language of the easements and determined that the trial court had not interpreted them wrongly.
 {¶ 27} The facts in Beaumont and in the instant matter are similar. But Beaumont is not on point for the issue of whether the common pleas court or the PUCO has jurisdiction of the issue at hand.Beaumont does not discuss or render a decision on the PUCO's exclusive jurisdiction or lack thereof. In fact, there is no mention in the case of the PUCO. Admittedly, if the PUCO did have jurisdiction over the issue then the trial court lacked jurisdiction to determine the issue, which would result in the decision being void ab initio. That lack of jurisdiction could have been raised sua sponte by the appellate court. However, without any discussion as to the PUCO's exclusive jurisdiction, it cannot be concluded that Beaumont stands for the proposition that the common pleas court had jurisdiction over the issue and that the PUCO did not. We decline to read such a holding into the Beaumont decision.
 {¶ 28} The second case relied on by the DeLosts, Corrigan, 8th Dist. 89402, 2008-Ohio-684, is directly on point. In Corrigan, the property owner sought injunctive relief from the trial court to prevent the utility company from clear-cutting a silver maple tree that was on the property owners' real property but was within the easement owned by the utility company. The utility company filed a motion to dismiss for lack of subject matter jurisdiction claiming that the PUCO had exclusive jurisdiction. The trial court denied the motion and granted injunctive relief for the property owner. The utility company appealed the decision.
 {¶ 29} The first assignment of error in that opinion addresses the jurisdiction of the PUCO and the common pleas court. The Eighth District applied a two question test to determine whether or not the removal of trees and vegetation fell within the exclusive jurisdiction of the PUCO: *Page 8 
 {¶ 30} "In deciding whether an action is service-related and belongs under PUCO's exclusive jurisdiction, some courts approach the issue by posing two questions. First, is PUCO's administrative expertise required to resolve the issue in dispute? Second, does the act complained of constitute a `practice' normally authorized by the utility? If the answer to either question is in the negative, courts routinely find that those claims fall outside PUCO's exclusive jurisdiction." Id. at ¶ 9, quoting Pacific Indemn. Ins. Co., 8th Dist. No. 82074, 2003-Ohio-3954.
 {¶ 31} In addressing the first question of whether the PUCO's expertise is required, the Eighth District determined that it was not. It explained that the removal of trees within the easement does not require the PUCO's administrative expertise, rather it requires an interpretation of the contractual language of the easement. Id. at ¶ 10. As such, it concluded that the common pleas court had jurisdiction over the issue, not the PUCO.
 {¶ 32} We can find nothing in the facts of Corrigan to distinguish it from the case currently before our court. We simply do not agree with the conclusion of our sister district.
 {¶ 33} In State ex rel. The Illuminating Co., the Ohio Supreme Court stated:
 {¶ 34} "Consequently, we must determine whether the claims raised by AE in its counterclaim are within the exclusive initial jurisdiction of the commission or are pure tort and contract claims that do not require a consideration of statutes and regulations administered and enforced by the commission." 97 Ohio St.3d 69, 2002-Ohio-5312, ¶ 21.
 {¶ 35} This insinuates that when an issue requires statutes and/or regulations administered and enforced by the commission to be considered, the issue is not pure contract. Therefore, instead of being within the common pleas court's jurisdiction, the issue would fall within the exclusive jurisdiction of the PUCO.
 {¶ 36} Ohio Edison directs this court to R.C. 4905.26 and Ohio Adm. Code 4901:1-10-27 and argues that these sections provide that vegetation control is service related and therefore within the PUCO's exclusive jurisdiction. R.C. 2905.26 provides the procedure for filing service complaints. It states, in relevant part:
 {¶ 37} "Upon complaint in writing against any public utility by any person * * * that any rate, fare, charge, toll, rental, schedule, classification, * * * or service rendered, charged, demanded, exacted, or proposed to be rendered, charged, *Page 9 
demanded, or exacted, is in any respect unjust, unreasonable, unjustly discriminatory, unjustly preferential, or in violation of law, or that any regulation, measurement, or practice affecting or relating to anyservice furnished by the public utility, or in connection with suchservice, is, or will be, in any respect unreasonable, unjust, insufficient, unjustly discriminatory, or unjustly preferential, or that any service is, or will be, inadequate or cannot be obtained, and, upon complaint of a public utility as to any matter affecting its own product or service, if it appears that reasonable grounds for complaint are stated, the commission shall fix a time for hearing and shall notify complainants and the public utility thereof." (Emphasis Added).
 {¶ 38} Ohio Edison focuses on the emphasized language and asserts that vegetation management is clearly a utility "practice affective or relating to any service." It argues that the DeLosts' protest with its removal of the trees and vegetation is a complaint that Ohio Edison's practice of vegetation management is unreasonable. It cites Ohio Adm. Code 4901:1-10-27(E) as support that vegetation management is a practice affecting service.
 {¶ 39} Ohio Adm. Code 4901:1-10 is the Ohio Administrative Code Chapter on Electric Service and Safety Standards. Ohio Adm. Code 4901:1-10-27(A) states that this rule applies to the inspection, maintenance, repair, and replacement of transmission and distribution facilities (circuits and equipment). Paragraph (B) states the distribution performance assessment must comply with Ohio Adm. Code 4901:1-10-11. Paragraph (C) is for transmission system performance assessment. It provides that a report must be filed setting forth the methodology to assess the reliability of its transmission circuits for review by the commission. Paragraph (D) sets forth the requirements for transmission and distribution facilities inspection. Paragraph (E) of that section states that the utility company must "establish and maintain written programs, procedures and schedules for inspection, maintenance, repair, and replacement of its transmission and distribution circuits and equipment." These programs shall establish preventative requirements for the electric utility to maintain safe and reliable service. Paragraph (E) lists programs that the utility must establish and "Right-of-way vegetation control" is included in that list.
 {¶ 40} This summarization shows that all of these sections are manifestly service related. Or. in other words. these sections help ensure that reliable service is provided to consumers. Since vegetation management within an easement is included *Page 10 
in that chapter of the Ohio Administrative Code, we must conclude that cutting down vegetation is a practice relating to service as contemplated by R.C. 2905.26. Thus, it falls within the PUCO's exclusive jurisdiction.
 {¶ 41} Additionally, to support the above conclusion, it is noted that in paragraph (A) of Ohio Adm. Code 4901:1-10-27 it provides:
 {¶ 42} "The rebuttable presumption that an electric utility is providing adequate service pursuant to paragraph (F) of rule 4901:1-10-02 of the Administrative Code, does not apply to this rule."
 {¶ 43} The rebuttable presumption paragraph (A) refers to is if a complaint under R.C. 4905.26 is filed against a utility and the utility can demonstrate compliance with the relevant service or performance standards of Ohio Adm. Code Chapter 4901:1-10, then a rebuttable presumption that the electric utility is providing adequate service exists. Ohio Adm. Code 4901:1-10-02(F). While clearly that rebuttable presumption standard does not apply to Ohio Adm. Code 4901:1-10-27, the fact that it is referenced in this chapter implies that everything discussed in this chapter, including vegetation management, concerns service and performance standards and thus is within the PUCO's exclusive jurisdiction.
 {¶ 44} Likewise, logically speaking, vegetation management is necessary to maintain reliable service. Presumably, many electric company's service lines are located within easements. Trimming and removing vegetation is necessary to prevent the disruption of service and for the safety of employees working on the service. Therefore, we find that the determination of whether Ohio Edison can cut down the vegetation within the easement on the DeLosts' property is a matter for the PUCO. This assignment of error lacks merit.
 CROSS-APPELLANTS' ASSIGNMENT OF ERROR {¶ 45} "WHERE THE EXISTENCE AND TERMS OF AN EASEMENT ARE UNDISPUTED, DOES THE COURT ERR IN CONSIDERING EXTRINSIC EVIDENCE OF THE EASEMENT'S MEANING."
 {¶ 46} As stated above, this court has determined that the PUCO has exclusive jurisdiction. That determination renders the cross-assignment of error moot and therefore, it is not addressed.
 CERTIFICATION OF A CONFLICT *Page 11 {¶ 47} We recognize that our decision is in conflict with the Eighth Appellate District's decision in Corrigan v. Illuminating Co., 8th Dist No. 89402, 2008-Ohio-684 and meets all the requirements for certification. In accordance with Section 3(B)(4), Article IV of the Ohio Constitution and App. R. 25, we sua sponte certify the record in this case for review and final determination to the Supreme Court of Ohio on the following issue:
 {¶ 48} "Does a complaint seeking to prevent the removal of trees and vegetation within an easement owned by the utility company fall within the exclusive jurisdiction of the Public Utilities Commission of Ohio (PUCO) or is it a pure contract case in which jurisdiction lies with the common pleas court?"
 CONCLUSION {¶ 49} For the foregoing reasons, the judgment of the trial court is hereby affirmed and the conflict is certified to the Ohio Supreme Court.
DeGenaro, P.J., concurs.
 Waite, J., concurs. *Page 1